UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TIMOTHY P BARBER, et al.,<br><br>　　　　Defendants. | CASE NO. 3:23-CV-658-DRL-SJF |

**OPINION AND ORDER**

This matter is before the Court on account of several discovery-related motions that the parties have filed against each other. Plaintiff filed her Motion to Compel Against Defendant City of South Bend on August 12, 2024. [DE 29]. She filed her Brief Supporting Motion to Compel Against Defendant [DE 31], and her Certification Pursuant to N.D. Ind. L.R. 37-1 [DE 30], that same day. Defendant timely filed its response on August 26, 2024. [DE 33]. Plaintiff's motion to compel became fully briefed on September 9, 2024. [DE 34]. Plaintiff filed a second motion to compel against Defendant on January 8, 2025 [DE 37], concerning additional written discovery she issued to Defendant, which the Court declines to address here. Plaintiff's second motion to compel will be addressed in due course.

Plaintiff also filed a Verified Motion to Compel against a third-party, 21CP Solutions, LLC ("21CP"), on April 18, 2024. [DE 24]. 21CP has not filed a response to Plaintiff's motion, and the time to do so has passed. N.D. Ind. L.R. 7-1(d)(3)(A). On May 23, 2024, Defendant filed its Motion for Protective Order related to Plaintiff's motion,

because of privilege concerns related to potential documents 21CP might produce. [DE 26]. Defendant's motion for a protective order became fully briefed on June 10, 2024. [DE 28]. Plaintiff's Verified Motion to Compel is ripe for ruling because 21CP has failed to respond.

### I.    PLAINTIFF'S MOTION TO ENFORCE HER SUBPOENA TO 21CP [DE 24]

Plaintiff moved to compel a subpoena response from 21CP on April 18, 2024. [DE 24]. An adverse party shall have fourteen days after service of a motion in which to serve and file a response. N.D. Ind. L.R. 7-1(d)(3)(A). Failure to file a response within the time prescribed may subject the motion to summary ruling. N.D. Ind. L.R. 7-1(d)(5).

On February 23, 2024, Plaintiff's counsel sent the subpoena to 21CP c/o Sean M. Smoot, the managing partner of the entity, via certified mail. [DE 24 at 1]. It was delivered on February 26, 2024, as shown by the tracking number provided through USPS. [DE 24 at 2]. Plaintiff's counsel provided a copy of the subpoena to Defendant's counsel on February 20, 2024. [DE 24 at 1]. On April 4, 2024, Defendant's counsel submitted a follow-up request about the subpoena to 21CP, through its "Contact Us" page on its website, to which he received no response. [DE 24-6 at 1]. On April 8, 2024, Plaintiff's counsel submitted another follow-up request about the subpoena to Sean M. Smoot, via FedEx, which was delivered approximately on April 16, 2024. [DE 24-8, DE 24-9]. Plaintiff's counsel also sent an email to Sean M. Smoot at his law firm address, on April 15, 2024. [DE 24-10]. Plaintiff filed the instant motion to compel on April 18, 2024. [DE 24]. As stated earlier, 21CP has not responded to the motion.

2

When it comes to seeking discovery from non-parties, Rule 45 of the Federal Rules of Civil Procedure outlines the process "for serving a third party with a subpoena for testimony or document production." Fed. R. Civ. P. 45; *Wilson v. Hutter*, Case No. 1:23-cv-00184, 2024 WL 3424711, at *1 (N.D. Ind. July 15, 2024) (quoting *Metal Chem, Inc. v. PBTT, Inc.*, No. 3:22-cv-00140-MPB-MJD, 2023 WL 3161029, at *1 (S.D. Ind. Apr. 28, 2023). "Federal Rule of Civil Procedure 45(a) permits the issuance of subpoenas to produce documents and other tangible things in the custody or control of a person." *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012) (citations omitted). Therefore, under Rule 45, all parties have the ability to seek discovery from non-parties using subpoenas. Further, "while the third party may timely object to the requested production, the serving party then 'may move the court . . . for an order compelling production or inspection of the requested materials." *Id.* (second alteration in original) (internal quotation omitted) (citing Fed. R. Civ. P. 45(d)(2)). Rule 45(g) states that the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Id.* (citing Fed. R. Civ. P. 45(g)); *see Metal Chem, Inc.*, 2023 WL 3161029, at *1.

Plaintiff has attempted to confer in good faith with 21CP in an effort to resolve this matter without Court action. [DE 24 at 3-4]; *see* Fed. R. Civ. P. 37(a)(1); N.D. Ind. L.R. 37-1(a). 21CP, however, appears to have ignored Plaintiff's subpoena and her counsel's attempts to follow up on it. Nor did 21CP file a response in opposition to the motion to compel, and its time to do so has passed. Consequently, on this record, the

3

motion to compel is unopposed and will be **GRANTED**. [DE 24]. 21CP must provide Plaintiff with the documents responsive to the Subpoena on or before **July 29, 2025**, or risk being held in contempt for failing to obey the Subpoena. Fed. R. Civ. P. 45(g).

### II. DEFENDANT'S MOTION FOR A PROTECTIVE ORDER RELATED TO ANY SUBPOENA RESPONSE [DE 28]

Defendant filed its motion for a protective order on May 23, 2024. [DE 26]. Plaintiff argues that Defendant's motion is untimely based on the 35-day delay in filing it after Plaintiff filed her motion to compel, and the 59-day delay after 21CP's time to respond to the subpoena expired. In its motion for a protective order, Defendant requests that it be given time to conduct a privilege review of any documents 21CP produces in response to the subpoena. Plaintiff argues that Defendant cannot conduct a privilege review of any responsive production from 21CP because Defendant's motion for a protective order was untimely filed. Plaintiff further argues that Defendant waived any claims to privilege by publicly discussing the results of 21CP's assessment and releasing 21CP's recommendations for the South Bend Police Department on its website.

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). To determine whether a subpoena is unduly burdensome, a court weighs a number of factors including relevance, need, the breadth of the document request, the time period covered by it, the particularity with which the

4

documents are requested, the burden imposed, and non-party status. *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 896 (S.D. Ind. 2006). A party seeking to quash a subpoena bears the burden of establishing that the subpoena falls within Rule 45's exceptions. *See Malibu Media*, 287 F.R.D. at 516; *LaSalle Nat. Assoc. v. Nomura Asset Capital Corp.*, No. 03 C 4065, 2003 WL 21688225, at *1 (N.D. Ill. July 16, 2003). The same standard has been applied to parties seeking a protective order related to a subpoena. *Winona PVD Coatings, LLC v. Excel Enterprises, LLC*, Cause No. 3:16-cv-19, 2016 WL 9347091, at *3 (N.D. Ind. April 18, 2016).

A party has standing to move for a protective order related to a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests. *See United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982). A party needs only a minimal privacy interest to establish standing. *Malibu Media*, 287 F.R.D. at 516. A claim of attorney-client privilege is such a privacy interest. *Hard Drive Productions v. Does 1-48*, 2012 WL 2196038 (N.D. June 14, 2012). This case law recognizes a party's own interest in privileged information, beyond that of the attorney involved in the privileged communication. *Palmer v. City of Decatur*, Case No. 17-3268, 2019 WL 13156161, at *2 (C.D. Ill. July 19, 2019). This same analysis applies to the work product doctrine. *See Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 90 F.R.D. 45, 48 (N.D. Ill. 1981) ("the client's interest in work product is the same as its interest in attorney-client privilege"). Plaintiff does not challenge Defendant's standing to bring a protective order in response to Plaintiff's subpoena. Further, it is apparent that such privacy interests exist here, because Plaintiff is seeking information from 21CP that may contain

privileged communications and work product because they stem from an assessment 21CP undertook of the South Bend Police Department at the direction of South Bend Corporation Counsel. [DE 26 at 2, ¶¶ 5-6]. Therefore, the Court finds that Defendant has standing to challenge the subpoena to 21CP.

Plaintiff's argument that Defendant's motion for a protective order is untimely is correct. *See* N.D. Ind. L.R. 7-1(d)(3). Even though Defendant argues that the motion is timely, because it is not in response to any motion filed by Plaintiff and further argues that privilege objections can be asserted anytime during these proceedings, the Court finds these arguments unpersuasive.

However, as Defendant correctly points out, finding a waiver of privilege for procedural violations "is a harsh sanction." *Romary Assocs., Inc. v. Kibbi LLC*, No. 10 CV 376, 2011 WL 4005346, at *3 (N.D. Ind. Sept. 8, 2011) (citations omitted). This result would be especially harsh here, where Defendant has not had the opportunity to review any documents produced, based on the inaction of a third party. Further, waiver of privilege "may only be imposed where a party displays willfulness, bad faith, or fault." *Am. Nat'l Bank & Trust Co. v. Equitable Life Assur. Soc'y of U.S.*, 406 F.3d 867, 877 (7th Cir. 2005) (quoting *Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997)). Good-faith efforts to comply generally weigh against finding waiver while "evidence of foot-dragging or a cavalier attitude towards following court orders and the discovery rules supports finding waiver." *Romary Assocs.*, 2011 WL 4005346, at *3 (quoting *Ritacca v. Abbott Labs.*, 203 F.R.D. 332, 335 (N.D. Ill. 2001)).

There is little evidence to support that Defendant acted in bad faith, especially where communications between counsel show that Plaintiff's counsel initially had no issue with Defendant conducting a privilege review of the documents 21CP produced. *See Miller v. City of Plymouth*, No. 09 CV 205, 2011 WL 1740154, at *2 (N.D. Ind. May 5, 2011) (declining to impose waiver sanction in part based on "ongoing correspondence . . . from the time the discovery was served to the time the responses were served and filed"). Also, Defendant has not prejudiced Plaintiff in its delay, because 21CP has not responded to the subpoena.

Plaintiff's waiver arguments are therefore premature. The Court cannot determine whether Defendant waived any privilege claims if no documents have been produced.

Accordingly, the Court concludes that Defendant has not waived any potential privilege objections to the forthcoming 21CP production.

Because the attorney-client privilege belongs to Defendant, it is appropriate for its counsel to review the documents and identify any privileged information. Accordingly, the Court **GRANTS** Defendant's request to review the responsive documents and produce a privilege log before turning the documents over to Plaintiff's counsel. [DE 26].

### III.    PLAINTIFF'S MOTION TO COMPEL AGAINST DEFENDANT [DE 29]

Plaintiff's motion to compel is fatally deficient because she failed to make a good faith effort to attempt to meet and confer in good faith with Defendant as required by Rule 37(a)(1) and Local Rule 37-1. When a party files a discovery motion, she must

7

submit a certification explaining her good faith efforts to confer and resolve the discovery dispute without seeking court intervention. Fed. R. Civ. P. 37(a)(1); N.D. Ind. L. R. 37-1.

Because the Court is required to find that the parties made a good faith effort to resolve a discovery dispute before it can rule on the merits of a motion, the requirement to meet and confer must be taken seriously. *See Robinson v. Potter,* 453 F.3d 990, 994-95 (8th Cir. 2006) (citing *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.,* 339 F.3d 180, 186 (3rd Cir. 2003). A good faith effort to resolve a discovery dispute "requires that counsel converse, confer, compare views, consult and deliberate." *Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte County & Kansas City, Kan.,* 192 F.R.D. 698, 699-700 (D. Kan. 2000) (finding that a single letter between counsel addressing a discovery dispute does not satisfy the duty to confer). Courts have broad discretion in determining whether the moving party has satisfied the meet-and-confer component of Rule 37(a)(1) and Local Rule 37-1. *Mintel Intern. Group, Ltd. v. Neerghen,* No. 08-CV-3939, 2008 WL 4936745, *1 (N.D. Ill. Nov. 17, 2008). In making this determination, the Court will consider the totality of the circumstances. *Kidwiler v. Progressive Paloverde Ins. Co.,* 192 F.R.D. 193, 197 (N.D. W.Va. 2000).

Under Fed. R. Civ. P. 37(a)(1), a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Local Rule 37-1(a) specifically requires:

8

> A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action. The certification must include:
>
> (1) the date, time, and place of any conference or attempted conference; and
> (2) the names of the parties participating in the conference.

Written, telephonic, or email communication satisfies Rule 37(a)(1) as long as the parties personally engage in two-way dialogue and discuss meaningfully the discovery dispute "in a genuine effort to avoid judicial intervention." *Vukadinovich v. Hanover Cmty. Sch. Corp.*, 2:13-CV-144-PPS-PRC, 2014 WL 667830, at *2 (N.D. Ind. Feb. 20, 2014) (internal quotations omitted).

Plaintiff's certification is inadequate because it does not recite, as Local Rule 37-1 requires, the date, time, and place of any attempted conference. *See Imbody v. C & R Plating Corp.*, Cause No. 1:08-CV-218, 2010 WL 3184392, at *1 (N.D. Ind. Aug. 10, 2010). Instead, counsel for the parties merely exchanged three emails during the course of a week. [*See* DE 30 at 1, DE 29-7, DE 29-8]. These three emails also show that Plaintiff's counsel failed to confer via telephone with Defendant's counsel during this brief correspondence, even after Defendant's counsel confirmed his availability for a call on May 14th. [DE 29-8]. Instead of calling at that time, Plaintiff's counsel appears to have ignored Defendant's availability when he sent his final email on the next day. [DE 29-8 at 1]. Although Plaintiff's counsel provided additional times for a call during the next two days, which he notes in his certification, he did not follow-up for the subsequent two months prior to filing the motion to compel.

What the Court has described above does not amount to a good faith attempt to meet and confer as is recognized in this district. *See generally Imbody,* 2010 WL 3184392, at *1 (concluding that several letters exchanged between counsel was not a good faith conference); *Shoppell v. Schrader,* No. 1:08–cv–284, 2009 WL 2515817, at * 1–2 (N.D. Ind. Aug. 13, 2009) (finding that a telephone call and a letter was not a good faith conference); *Pinkham v. Gen. Prods. Corp.,* No. 1:07–cv–174, 2007 WL 4285376, at *1 (N.D. Ind. Dec. 3, 2007) (finding that an exchange of five letters was not a good faith conference); *Forest River Hous., Inc. v. Patriot Homes, Inc.,* No. 3:06–cv–841, 2007 WL 1376289, at *2 (N.D. Ind. May 7, 2007) ("[T]wo emails . . . do not constitute meaningful discussion or serious negotiations to resolve the disputed discovery issue."); *In re FedEx Ground Package Sys., Inc.,* No. 3:05–MD–527 FM (MDL–1700), 2007 WL 79312, at *7 (N.D. Ind. Jan. 5, 2007) ("[A] single email sent by the Plaintiffs does not constitute an engagement in a conference to resolve the discovery dispute."); *Hoelzel v. First Select Corp.,* 214 F.R.D. 634, 636 (D.C. Colo. 2003) (concluding that a single email did not satisfy the meet and confer requirement).

Plaintiff's Motion to Compel Against Defendant City of South Bend is **DENIED** [DE 29] because her counsel failed to undertake a good faith effort to informally settle this discovery dispute as required by Rule 37(a)(1).

### IV.    ATTORNEY FEES

As Rule 37(a) provides, because "the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses

10

incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Accordingly, the Court **ORDERS** Defendant to file, on or before **May 5, 2025,** an itemization of its costs and fees, including attorney's fees, incurred in bringing its Motion for a Protective Order and in defending against the Motion to Compel along with argument as to why those expenses are reasonable in this situation. The Court **ORDERS** Plaintiff to file a response by **May 19, 2025**, and Defendant to file a reply, if any, by **May 26, 2025**.

Plaintiff's counsel is **DIRECTED** to further confer with Defendant as to the deficiencies counsel alleges Defendant's discovery responses contain, with regards to the matters raised in the first and second motions to compel. Plaintiff's counsel is **ADVISED** that the consequences of any further failure to attempt a good faith, fulsome dialogue may result in sanctions, if appropriate. *See Houston v. C.G. Sec. Services, Inc., 820 F. 3d 855, 858-59 (7th Cir. 2016).*

V.   CONCLUSION

- Therefore, Defendant's Motion for Protective Order is **GRANTED**. [DE 26].
- Plaintiff's motion to compel discovery responses from 21CP is **GRANTED**. [DE 24]. The Court **ORDERS** non-party 21CP Solutions, LLC, to produce the requested documents responsive to Plaintiff's Subpoena to Defendant's counsel on or before **May 30, 2025**. Defendant shall then conduct the privilege review, provide a privilege log, and produce all non-privileged documents to Plaintiff's counsel on or before **June 30, 2025**. 21CP Solutions, LLC, is **CAUTIONED** that its

failure to timely comply with this order may result in its being held in contempt of court. Fed. R. Civ. P. 45(g).

- Plaintiff's Motion to Compel Against Defendant City of South Bend is **DENIED** [DE 29].

**SO ORDERED** this 28th day of March 2025.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge
