UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JANE DOE,

           Plaintiff,

               v.                           CASE NO. 3:23-CV-658-DRL-SJF

TIMOTHY P BARBER, et al.,

           Defendants.

OPINION and ORDER

Pending before the Court is Plaintiff's Second Motion to Compel Against Defendant City of South Bend, filed on January 8, 2025, along with its corresponding brief in support. [DEs 37, 38]. Defendant timely filed its Response on January 29, 2025. [DE 42]. Plaintiff's motion became ripe for decision on February 3, 2025, when she filed her Reply. [DE 46]. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

The other motions pending before the Court will be addressed in due course.

I.    RELEVANT BACKGROUND

Plaintiff's motion stems from certain written discovery she served on the City on August 9, 2024. After obtaining several informal extensions from Plaintiff, the City served its responses on October 9, 2024. As described in Plaintiff's Certification Pursuant to N.D. Ind. L.R. 37-1, counsel for the parties attempted in good faith to resolve the discovery disputes that led to this motion in accordance with Local Rule 37-1. [DE 39]. In particular, Plaintiff's counsel initially raised issues regarding the City's

discovery responses through email on October 21, 2024. The City's counsel responded

on November 26, 2024, and counsel conferred telephonically on December 18, 2024.

Counsel once more attempted to resolve the discovery disputes through email

correspondence on January 6, and 7, 2025.

With the meet and confer requirement having been met, Plaintiff's motion is ripe

for ruling.

## II.    PLAINTIFF'S SECOND MOTION TO COMPEL AGAINST THE CITY OF SOUTH BEND [DE 37]

### a.  Legal Standard Relating to the Scope of Permissible Discovery

The court has broad discretion in discovery matters, including ruling on motions

to compel. *See Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001). The

Federal Rules of Civil Procedure oblige the court "to supervise and limit discovery

when it feels the discovery is cumulative, unnecessary, designed to annoy or harass,

excessively expensive, or only marginally important." *Pistolis v. Ameren*, Case Nos. 3:19-

CV-001185-MAB, 3:19-CV-001182-MAB, 2022 WL 2159291, at *4 (S.D. Ill. June 15, 2022)

(citing *Mr. Frank, Inc. v. Waste Mgmt., Inc.*, No 80 C 3498, 1983 WL 1859, at *1 (N.D. Ill.

July 7, 1983)). The scope of discovery is outlined in Fed. R. Civ. P. 26(b)(1), which

provides that, "[u]less otherwise limited by court order":

> Parties may obtain discovery regarding any nonprivileged matter that is
> relevant to any party's claim or defense and proportional to the needs of the
> case, considering the importance of the issues at stake in the action, the
> amount in controversy, the parties' relative access to relevant information,
> the parties' resources, the importance of the discovery in resolving the
> issues, and whether the burden or expense of the proposed discovery
> outweighs its likely benefit.

*Id.* Relevancy is broadly construed to encompass "any matter that bears upon, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Herx v. Diocese of Fort Wayne-South Bend Inc.*, Case No. 1:12–CV–122, 2013 WL 5531376, at *1 (N.D. Ind. Oct. 7, 2013) (internal quotations omitted). However, courts are authorized to limit discovery to only that which is warranted by the circumstances of each case in order to hedge against the potential for discovery abuse. *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993).

To reiterate, this court is afforded "significant discretion in ruling on a motion to compel." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996). It may grant the relief sought in whole or in part, or otherwise "fashion a ruling appropriate for the circumstances of the case." *Id.* at 496 (citing to Fed. R. Civ. P. 37(a)(4)(B), (C)). Indeed, it behooves this court to "independently determine the proper course of discovery based upon the arguments of the parties." *Id.* (citing to *Spears v. City of Indianapolis*, 74 F.3d 153, 158 (7th Cir. 1996)).

In response to a motion for an order to compel disclosure or discovery, a court may order disclosure of information when it determines the original answer or production is "evasive or incomplete." Fed. R. Civ. P. 37(a)(4). If the Court believes that a party's failure to disclose information is substantially justified or is harmless, the Court may deny a motion to compel. Fed. R. Civ. P. 37(c)(1). Moreover, Rule 26(b)(2)(C) allows the Court to limit discovery if the information "sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or " the proposed

3

discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

With this in mind, the court now turns to the issues Plaintiff raises with the City's responses and answers to certain requests for admission, interrogatories, and requests for production of documents in that order.

### b. Plaintiff's Second Request for Admission to the City of South Bend

#### i. RFAs Nos. 9, 10, and 11

Plaintiff asks the court to compel the City to supplement its responses to RFAs Nos. 9 though 11, 18, and 26-47. RFAs Nos. 9 through 11 and 18 concern certain issues in dispute in this case while RFAs Nos. 26-47 relate to the genuineness of certain documents produced by the City or that the City does not object are under its custody or control.

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission. The Rule provides that:

> [a] party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either; and . . . the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1). "The purpose of Rule 36 is to expedite the trial by determining what issues are in genuine dispute and by resolving the issues which are not disputed." *Berry v. Federated Mut. Ins. Co.*, 110 F.R.D. 441, 443 (N.D. Ind. 1986); *see also Escobedo v. Ram Shirdi Inc.*, No. 10 C 6598, 2011 WL 13243990, at *2 (N.D. Ill. Mar. 16, 2011) ("Admissions are sought, first to facilitate proof with respect to issues that cannot

be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.").

"Rule 36(a)(1)(A) permits requests for admissions as to facts, 'the application of law to fact, or opinions about either.'" *Brueder v. Bd. of Trustees of Cmty. Coll. Dist. No. 502*, No. 15 CV 9323, 2021 WL 1165089, at *5 (N.D. Ill. Mar. 25, 2021) (quoting *Whole Woman's Health All. v. Hill*, No. 118CV01904SEBMJD, 2020 WL 1028040, at *3 (S.D. Ind. Mar. 2, 2020) and *Hanley v. Como Inn, Inc.*, No. 99 C 1486, 2003 WL 1989607, at *1 (N.D. Ill. Apr. 28, 2003)). A request to admit however, cannot be directed towards a legal conclusion. *Brueder*, 2021 WL 1165089, at *5; *Whole Woman's Health All.*, 2020 WL 1028040, at *3; *Hanley*, 2003 WL 1989607, at *3.

"Under Rule 36, requests for admission should be simple and direct so that they can be readily admitted or denied without explanation." *Climco Coils Co. v. Siemes Energy & Automation, Inc.*, 04 C 50342, 2006 WL 850969, at *1 (N.D. Ill. Mar. 28, 2006). Therefore, the party drafting a request for admission must ensure that it can be readily admitted or denied. *Tamas v. Family Video Movie Club, Inc.*, 301 F.R.D. 346, 347 (N.D. Ill. 2014).

A responding party must either admit or deny in an answer to a request for admission or state in detail why it cannot truthfully admit or deny a request. Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4).

Rule 36(a)(6) allows Plaintiff to bring a motion in order determine the "sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). If the requesting party believes the responding party to have answered insufficiently, she may move for the court to rule on the answer's sufficiency. Fed. R. Civ. P. 36(a)(6). If challenged, the objecting party bears the burden of justifying its objections. *Ag Fur Industrielle Elektronik Agie v. Mitsubishi Intern. Corp.*, No. 83 C 4056, 1986 WL 8467, at *1 (N.D. Ill. July 31, 1986); Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2263 (3d ed.) ("The burden is on the objecting party to persuade the court that there is a justification for the objection."). "Unless the court finds an objection justified, it must order that an answer be served." *Id.*

If the court finds the answer insufficient, it may order the responding party to amend the answer. Fed. R. Civ. P. 36(a)(6). The court may also simply order the matter admitted. Fed. R. Civ. P. 36(a)(6). The court's significant discretion in ruling on discovery matters extends to ruling on a motion under Rule 36(a)(6). *LKQ Corp. v. Kia Motors Am., Inc.*, Case No. 21 C 3166, 2023 WL 2429010, at *1 (N.D. Ill. Mar. 9, 2023) (citing to *Breuder*, 2021 WL 1165089, at *2; *Reitz v. Creighton*, No. 15 C 1854, 2019 WL 5798680, at *2 (N.D. Ill. Nov. 7, 2019)).

Here, Plaintiff asks that the court compel the City to provide responses to her RFAs that are complete, responsive, and non-evasive. The court addresses the RFAs in numerical order.

Plaintiff's RFAs Nos. 9, 10, and 11, concern three specific times and dates when Defendant Timothy Barber was working as a law enforcement officer for the City. The

City does not dispute that Timothy Barber was working on these dates. Plaintiff alleges that each of these moments corresponds to when Timothy Barber either sexually assaulted her or exposed himself to her. [*See* DE 6 at 6-7, ¶¶ 43-46; *see also* DE 46 at 2 n. 1].  Except for different dates and times, RFAs Nos. 9, 10, and 11 are the same. The City's responses to these RFA are also the same throughout. Therefore, only RFA No. 9 and the City's response is reproduced in full:

> Request 9: The City of South Bend paid Officer Timothy Barber for working on duty for the South Bend Police Department on August 6, 2021, from 2:00 p.m. to 10:30 p.m.

[DE 37-1 at 1].

> **RESPONSE:   Defendant City of South Bend admits only that Timothy Barber was paid on August 6, 2021[,] for 8.5 hours and Timothy Barber worked second detail. Otherwise, Defendant City of South Bend denies Request for Admission No. 9.**

[DE 37-4 at 1 (emphasis in original)].

In response to Plaintiff's Interrogatory No. 7, which asked the City to explain every denial provided in its RFA responses, the City responded regarding RFAs Nos. 9, 10, and 11, as follows:

> **[South Bend Police Department] policy 102.4 (*see* COSB3643) defined "on duty" as "A member's status during the period when he/she is actually engaged in the performance of his/her assigned duties." If Timothy Barber was engaged in the activities alleged in the First Amended Complaint, he was not on duty at the times that he was engaged in those activities.**

[DE 37-5 at 1-2 (emphasis in original)].

Plaintiff argues that the City's responses to RFAs Nos. 9, 10, and 11, are evasive, incomplete, and improperly vague. [DE 38 at 1-2]. In response, the City argues that

these RFAs represent an improper "trap for the unwary" in that they "appear to be an attempt to transform an admission about the shift that [Timothy] Barber was working on the dates of some of the events alleged in the Amended Complaint into an admission concerning the scope of employment." [DE 42 at 2]. The City represents that it has responded to the substance of each RFA by providing the shift that Timothy Barber worked on the pertinent dates "whilst seeking to avoid the trap laid by Plaintiff." [*Id.*] The City alludes to this "trap" as the Plaintiff's attempt to have it admit that Timothy Barber was acting within the scope of his employment during these three occasions. [DE 42 at 3]. In turn, Plaintiff replies that these RFAs are "simple and straightforward" and do not ask the City to "admit what 'shift' [Timothy] Barber was working on those dates, nor to admit 'scope of employment.'" [DE 46 at 3].

The City is correct that a party cannot be asked to admit a legal conclusion. *Whole Woman's Health All.*, 2020 WL 1028040, at *3; *Hanley v. Como Inn, Inc.*, No. 99 C 1486, 2003 WL 1989607, at *3 (N.D. Ill. Apr. 28, 2003). However, Rule 36(a)(1)(A) "permits requests for admissions as to facts, 'the application of law to fact, or opinions about either.'" *Whole Woman's Health All.*, 2020 WL 1028040, at *3 (quoting Fed. R. Civ. P. 36(a)(1)(A); *Hanley*, 2003 WL 1989607, at *1. Further, when RFAs make use of disputed terms that go to the heart of the merits of the case, a party's ability to admit or deny the RFAs may turn on unspoken definitions of those terms. *United States v. American Ramp Co. Inc.*, Case No. CV 10-9785-DSF (AGRx), 2013 WL 12373694, at *2 (C.D. Cal. Dec. 2, 2013). If an RFA contains an undefined term, as RFAs Nos. 9-11 do here with the term "on duty," it is proper for the City to qualify its answer by expressly stating its

8

definition for that term. *See id.*; *Audiotext Communs. Network, Inc. v. U.S. Telecom, Inc.*, No. 94- 2395- GTV, 1995 WL 625744, at *6 (D. Kan. Oct. 5, 1995). Otherwise, the City must give common words and phrases found in Plaintiff's RFAs their ordinary meanings. *CommSolvers LLC v. Wieland N. Am., Inc.*, Case No. 3:21-CV-01234-NJR, 2025 WL 486364, at *3 (S.D. Ill. Feb. 13, 2025). The City properly answered RFAs Nos. 9, 10, and 11 in good faith by tendering the applicable definition for "on duty" in order to avoid the legal conclusion that Timothy Barber's actions were taken in the course of his employment.

*Fazal v. Adv. Tabco*, the sole case that Plaintiff cites in support, is inapposite. *See Fazal v. Advanced Tabco*, No. 09-C-1116, 2010 WL 4363376, at *3 (E.D. Wis. Oct. 22, 2010). There, the responding party denied requests for admission based on its contention that the requesting party did not have the deposition testimony in support of the factual allegations outlined in those requests. *Id.* at *2. The *Fazal* court held that it was improper to deny a request to admit on the grounds that the requesting party lacked the requisite proof in support of the allegations in the requests for admission. *Id.* Indeed, an "answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Starks-Harris v. Taylor*, Cause No. 1:08–CV–176, 2009 WL 535778, at *1 (N.D. Ind. Mar. 3, 2009). Here, the City did not assert lack of information nor did it make a "lack of knowledge" objection. Instead, the City made a good faith effort to answer Plaintiff's requests for admission while avoiding admission of any legal conclusions

accompanying the term "on duty." Therefore, the City's responses to RFAs Nos. 9, 10, and 11 are proper.

However, the City's responses are incomplete in one respect. In response to RFAs Nos. 9, 10, and 11, the City fails to define what "second detail" means—it is not a common word or phrase—and it does not explain whether "second detail" spans the scope of time set forth in each RFA. The City is ordered to supplement its answers to RFAs Nos. 9, 10, and 11 accordingly.

### i.    RFA No. 18

In RFA No. 18, the Plaintiff asks the City to admit that its police department did not report Timothy Barber's 2022 felony convictions to the Indiana Law Enforcement Academy. [DE 37-1 at 11]. The City objects, arguing that RFA No. 18 is not reasonably calculated to lead to the discovery of admissible evidence because it "addresses conduct occurring after the events alleged in the Amended Complaint." [DE 37-4 at 3]. Therefore, the City argues, RFA No. 18 falls outside the scope of permissible discovery under Rule 26(b)(1). [DE 37-4 at 3]. The City also argues that RFA No. 18 contains an inaccurate description of law but does not elaborate in response to Plaintiff's motion to compel. Therefore, the City has waived this objection. *See Ag Fur Industrielle Elektronik Agie*, 1986 WL 8467, at *1. The court focuses on the City's argument that RFA No. 18 falls outside the scope of permissible discovery under Rule 26(b)(1).

In her motion to compel, Plaintiff identifies topics in the Amended Complaint which she argues RFA No. 18 "is reasonably calculated to lead to." [DE 38 at 2-3]. Specifically, these include Plaintiff's claims against the City for: its negligent training,

supervision, and retention of Timothy Barber; its failure to prevent and report his actions; its "implicit ratification of or failure to repudiate" those same actions; the City's denials of certain paragraphs of the Amended Complaint; and whether Timothy Barber's actions were committed under color of state law and during the course of his employment. [DE 38 at 2-3]. Plaintiff finally argues that RFA No. 18 goes "to the credibility of the City's agents." [DE 38 at 3]. In her reply, Plaintiff reiterates that RFA No. 18 is also probative of her claims relating to the City's non-delegable duty, whether the City exercised reasonable control over Timothy Barber as an employer, and several of the City's affirmative defenses, including any immunity under the Indiana Tort Claims Act. [DE 46 at 6].

The purpose of requests for admission is muddled in the parties' written discovery and briefs. To reiterate, the purpose of requests for admission is to narrow the matters in controversy to only those issues genuinely in dispute between the parties. *Berry*, 110 F.R.D. at 443; *Escobedo*, 2011 WL 13243990, at *2;  8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2252, at 522–523. Plaintiff is incorrect when she argues that RFA No. 18 is proper because it is drafted to reasonably lead to the discovery of admissible evidence under Rule 26(b)(1). [DE 28 at 2-3]. While the scope of discovery under Rule 26(b)(1) applies, requests for admission propounded under Rule 36 are principally not discovery devices "in the technical sense." *Reitz*, 2019 WL 5798680, at *2 (quoting *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987)); *see also* 7 Moore's Federal Practice § 36.02[2] (3d ed. 2020) ("Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or obtain

11

production of documents, requests for admission should not be used as a method of discovery for these purposes."). The respondent has the burden of justifying its objections. *Ag Fur Industrielle Elektronik Agie*, 1986 WL 8467, at *1.

The court turns to Plaintiff's argument. Plaintiff provides a laundry list of allegations in her Amended Complaint, but does not explain how RFA No. 18 relates to them. Further, this Court's July 23, 2025, opinion and order on the City's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings [DE 74], narrowed the scope of Plaintiff's case, and this earlier decision applies here. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004).  In particular, in that opinion and order, the court recognized the City's "immunity for discretionary training, supervision, and retention of police officers" and immunity for any of Plaintiff's allegations against the City for its own negligence under the Indiana Tort Claims Act. [*See* DE 74 at 9-10]. The court also rejected Plaintiff's argument that the City owed her a non-delegable duty as a common carrier. [*See* DE 74 at 14-16]. At this point in the litigation, as stated in that order, Plaintiff's "claims against the City for common carrier liability and for negligently training, supervising, or retaining a law enforcement officer, as a matter of law and immunity" have been dismissed. [DE 74 at 17]. As against the City, only her *respondeat superior* claims directed towards Timothy "Barber's conduct and for the conduct of other officers who allegedly failed to intervene or prevent such conduct" remain. [DE 74 at 17].

With the scope of claims Plaintiff may pursue against the City in mind, the court notes that also relevant here is the passage of time. As the City correctly argues,

Timothy Barber's criminal conviction occurred months after he allegedly committed the sexual assaults against Plaintiff as described in her Amended Complaint. The issue of whether the City reported that conviction does not bear on any *respondeat superior* liability it may owe, because that liability hinges on whether or not the City failed to intervene or prevent his conduct from occurring. Whether the City reported the conduct in question months after the events alleged in the Amended Complaint is not relevant.

In other words, Plaintiff's RFA is directed towards the City's conduct that occurred months after Timothy Barber had allegedly committed the sexual acts against Plaintiff. The court's opinion and order resolving the City's motion for judgment on the pleadings made clear that Plaintiff's claims against the City are limited to a *respondeat superior* theory of liability. [DE 74 at 9-10]. *Respondeat superior*, or scope-of-employment liability, emanates from the concept of the employer's control over its employees and their employment activities. Specifically, *respondeat superior* theory of liability to the employer, here the City, flows from: the activities it delegates to its employees; activities that it authorizes its employees to do; and its "employees' acts that naturally or predictably arise from those activities." *Cox v. Evansville Police Department*, 107 N.E.3d 453, 461-62 (Ind. 2018). *Respondeat superior* liability recognizes that "delegating employment activities also carries an inherent risk that those activities will naturally or predictably give rise to injurious conduct." *Id.* at 462 (internal citations omitted). "When tortious acts are so closely associated with the employment that they **arise naturally or predictably** from the activities an employee was hired or authorized to do, they are

within the scope of employment, making the employer liable." *Id.* at 463 (emphasis added).

The City's objection to RFA No. 18 is justified because Plaintiff directs it to conduct outside the scope of *respondeat superior* liability. Specifically, RFA No. 18 focuses on conduct that the City is alleged to have done after Timothy Barber's or the other officers' acts. Therefore, RFA No. 18 is concerned with conduct that occurred after *respondeat superior* liability attached.

The cases Plaintiff cites in support of the relevancy of RFA No. 18 are unavailing. None of the cases involve requests for admission. The *Axis Insurance Company* court was concerned with the relevancy of certain requests for production. *Axis Ins. Co. v. Am. Specialty Ins. & Risk Services, Inc.*, Case No. 1:19-cv-00165-DRL-SLC, 2021 WL 2910814, *1 (N.D. Ind. July 12, 2021).* The *Gray* court held that the respondent had waived its relevancy objections to certain interrogatories by failing to bring them in its response to the movant's motion to compel. *Gray v. U.S. Steel Corp.*, 284 F.R.D. 393, 396 (N.D. Ind. 2012). The *McGrath* court held that a party's "reflexive invocation of the same baseless, often abused litany" of discovery objections in response to interrogatories, one of which was based on relevancy, were not stated with specificity and so waived. *McGrath v. Everest Nat. Ins. Co.* 625 F. Supp. 2d 660, 670-71 (N.D. Ind. 2008). The City's objection to RFA No. 18 does not have the same problem with specificity. Finally, the *Azarov* court was concerned with the relevancy of certain interrogatories and requests for production concerned with Plaintiff's social media posts and the extent of certain consulting services she offered prior to her employment with defendant, *inter alia. Azarov v. Sam's*

*East, Inc.*, Civil. No.: 2:18-cv-484, 2022 WL 16570647, at *3-4 (N.D. Ind. Nov. 1, 2022). Ultimately, the *Azarov* court narrowed the scope of both topics based on Plaintiff's relevancy objections. *Id.*

Whether or not the City reported Timothy Barber's alleged actions to the Indiana Law Enforcement Academy is not relevant, because this alleged failure to report occurred well after the alleged misconduct. Therefore RFA No. 18 is outside the scope of Rule 26(b)(1). *See Herx*, 2013 WL 5531376, at *6.

Further, Plaintiff's arguments relating to the credibility and probative value of any response from the City ignore the purpose of requests for admission, which is to narrow the scope of issues prior to trial. While credibility is an appropriate subject for discovery, as Plaintiff demonstrates with her citation to *Moore v. PlasmaCare, Inc.*, requests for admission are not the appropriate discovery tool aimed to glean that information. *Moore v. PlasmaCare, Inc.*, demonstrates this principal, because the court was concerned with resolving a subpoena respondent's motion for a protective order in response to a subpoena *duces tecum* from a party. *Moore v. PlasmaCare, Inc.*, No. 1:11–cv–01090–SEB–MJD, 2012 WL 602623, at *1-2 (S.D. Ind. Feb. 23, 2012). Subpoenas to non-party respondents are a typical part of civil discovery, while the Federal Rules of Civil Procedure limit the service of requests for admission to only the parties in an action. *See* Fed. R. Civ. P. 36(a)(1). While Plaintiff remains free to probe the City's credibility through other discovery vehicles, it is not appropriate for her to do so through RFA No. 18. Plaintiff's arguments as to RFA No. 18 pointing to credibility are therefore unavailing. Plaintiff does not explain how RFA No. 18 is probative of whether a code of

silence existed within the City's police department or if it points to whether the City conducted an internal affairs investigation of Timothy Barber.

Accordingly, the City has met its burden regarding its objections to RFA No. 18. The City is reasonably justified in raising its objection to RFA No. 18 as being directed to matters outside the scope of Rule 26(b)(1).

Plaintiff's motion to compel the City's answer to RFA No. 18 is denied.

### i. RFAs Nos. 26-47

Finally, the court is left to resolve the City's objections to RFAs Nos. 26-47, which are made on the basis that they exceed the amount of RFAs permitted by the Court's Scheduling Order. "[T]he appropriate number of RFAs in any case is determined based on an assessment of the unique circumstances of the case including the parameters of any applicable case management order, the content of the RFAs themselves, and the complexity of the case." *Cooper v. Rezutko*, Case No. 3:17-CV-834-PPS-MGG, 2022 WL 406387, at *10 (N.D. Ind. Feb. 10, 2022). By itself, Rule 36 "provides no limit on the number of RFAs that can be propounded. *Id.* (internal citation omitted). However, the number of requests for admission cannot be excessive. *Id.* (quoting *Tamas v. Fam. Video Movie Club, Inc.*, 301 F.R.D. at 347). To that effect, Fed. R. Civ. P. 26(b)(2)(A), *inter alia*, allows a court to alter the limits in the number of interrogatories or requests for admission a party may serve on another party.

Plaintiff argues that she may issue an unlimited number of RFAs to the City so long as they concern the authenticity of certain documents, because the parties' report of planning meeting set a limit of 25 requests for admission by each party to any other

party "exclusive of requests to admit the genuineness of documents." [DE 13 at 2].

Plaintiff argues that the language "**ADOPTS b**y reference" in the Court's Scheduling

Order, entered on September 14, 2023, means that the Court adopted the parties' report

of planning meeting in toto. [DE 14 at 1 (emphasis in original)]. The City argues that the

absence of the language "exclusive of requests to admit the genuineness of documents"

indicates that the Court did not adopt this exception to the limit of 25 requests for

admission. Despite Plaintiff's arguments to the contrary, the Court's Scheduling Order,

by not explicitly including the exception to the limit, does not adopt the exception. *See*

*Arcelormittal Ind. Harbor, LLC v. Ryan Fireprotection, Inc.*, Cause No. 2:20-CV-89-PPS-JEM,

2021 WL 1884914, at *2 (N.D. Ind. May 11, 2021). Therefore, Plaintiff has exceeded the

limit of RFAs allowed in this case.

The City, however, failed to object to these excess RFAs in a timely manner. The

appropriate manner in which to serve an objection regarding the alleged excessive

number of RFAs that have been served is by filing a motion for a protective order before

the RFAs are due to be answered. *See, e.g.*, *McCurry v. Kenco Logistic Servs*, No. 16-2273,

2017 WL 11489901, at *2 (C.D. Ill. Dec. 8, 2017); *Tamas v. Family Video Movie Club, Inc.*,

301 F.R.D. at 346-48. "A party cannot choose to answer RFAs and then contend that too

many RFAs were served upon it in the first place only after the adequacy of its

responses to the RFAs has been challenged." *Breuder*, 2021 WL 1165089, at *2.

Further the City has failed to meet its burden of showing how answering RFAs

Nos. 26-47 is unduly burdensome. *See BP Amoco Chemical Co. v. Flint Hills Resources,*

*LLC*, No. 5 C 5661, 2008 WL 4542738, at *1 (N.D. Ill. June 11, 2008) (recipient of RFAs

bears the burden of establishing that answering them will be unduly burdensome); *Whole Woman's Health All.*, 2020 WL 1028040, at *6 (defendants failed to carry burden where they did not provide "affidavits or other evidence describing the costs and time that would be required to comply with Plaintiffs' requests"); *Al-Jundi v. Rockefeller,* 91 F.R.D. 590, 594 (W.D.N.Y. 1981) ("mere burdensomeness" is not enough; "the burden must be undue in light of all the circumstances"). After review, RFAs Nos. 26-47 are concerned with the genuineness of certain documents the City produced in discovery or with certain statements that the City does not object were made by its agents.

Accordingly, the court finds it appropriate to extend the limit of RFAs allowed here to include RFAs Nos. 26-47. The City is ordered to supplement its responses accordingly. Plaintiff may not propound any additional requests for admission to the City.

### c.  Plaintiff's Second Set of Interrogatories to the City of South Bend

Plaintiff seeks to compel a further response from the City regarding Interrogatories Nos. 7 and 8 in her second set of Interrogatories to the City. The City states that it will supplement its answer to Interrogatory No. 8 in its response to Plaintiff's motion. Further, as outlined above, the information sought to be admitted to in RFA No. 18 is outside the scope of this litigation. Therefore, those portions of Plaintiff's motion related to the two interrogatories at issue are moot.

Interrogatory No. 7 remains. It directs the City to name any witnesses and documents in support of any answer other than an unqualified admission in response

to any RFAs in Plaintiff's Second Request For Admission. Specifically at issue, Interrogatory No. 7(b) directs the City to provide the documents "upon which the denial or qualified response is based" to any request for admission. The City's answer to Interrogatory No. 7 also states that:

> **The documents relevant to Requests for Admission 16 and 19 through 22 will be produced upon entry of an appropriate protective order. Defendant City of South Bend has not identified who will testify to the information set out above.**

[DE 37-5 at 2 (emphasis in original)]. Because the City has reiterated that it will provide the documents relevant to its denials to these RFAs that portion of Plaintiff's motion is also moot.

Plaintiff argues that the City's interrogatory responses are deficient in that they do not name the witnesses on which the City relies in tendering its denials to RFAs Nos. 16-22. Plaintiff also argues that the City failed to name the witnesses who the City intends to testify as to its answers to RFAs Nos. 9-11. In response, the City argues that it cannot provide information that doesn't exist, meaning that it cannot provide information about witnesses it relied on in answering RFAs Nos. 9-11 and 16-22.

Rule 36 requires a responding party to demonstrate that a reasonable inquiry has been made when answering a request for admission with a qualified answer or a partial denial in response to a request for admission. *Breuder*, 2021 WL 1165089, at *7 (internal citations omitted). Generally, that includes a reasonable inquiry into persons within the responding party's control. *Id.* at *8. Further, discovery responses must be made to the best of the person's knowledge, information, and belief, formed after

a reasonable inquiry. Fed. R. Civ. P. 26(g). Here, the City's interrogatory answers suggest that it has not undertaken this inquiry, because it does not name a custodian of the payment records it relied on showing Timothy Barber's work dates. The City must do so now.

The City responded to RFAs Nos. 16, 17, and 19-22 with unqualified denials. Plaintiff argues that the City's failure to name witnesses to support its denials indicates that it did not answer the RFAs in good faith under Fed. R. Civ. P. 36(a)(4). [DE 46 at 10]. Plaintiff offers no further legal support for her argument.

In response to a request for admission, Rule 36(a)(4) requires a party to either admit it, "deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). All that a denial must do is "fairly respond to the substance of the matter." Fed. R. Civ. P. 36(a)(4). An answering party that summarily denies a request for admission has no obligation to defend its answer to that request. *Sig-Swiss Indus. Co. v. Fres-Co Systems*, No. 91-0699, 1993 WL 147241, at *2-*3 (E.D. Pa. April 30, 1993) (quoting *Rhone-Poulec Rorer, Inc. v. Home Indem. Co.*, Civ. A. No. 88-9752, 1992 WL 394425, at *9 (E.D. Pa. Dec. 23, 1992)). Indeed, "a party has no obligation under Rule 36 to qualify a [complete] denial in any way." *Rhone-Poulec Rorer, Inc.*, 1992 WL 394425 at *9; *see also Robinson*, 2009 WL 3233909 at *2.

"There is nothing in the Federal Rules of Civil Procedure which requires a party to decide on exactly which witnesses and what evidence it will present prior to the close of discovery. Indeed, one of the purposes of discovery is to allow parties sufficient information to determine how to best litigate their case." *Sig-Swiss Indus. Co.*, 1993 WL

20

147241, at *3. To hold otherwise and compel the City to provide this information now would force the City to decide prematurely who will be called at trial, or what evidence it will seek to admit. The City is not required to make such decisions until it is time for it to submit its pre-trial memorandum.

Accordingly, Plaintiff's motion to compel as related to the City's answer to Interrogatory No. 7 is granted in part and denied in part, as outlined above. The City is ordered to supplement its answer to Interrogatory No. 7 only as it relates to its answer to RFPs Nos. 9-11.

### d. Plaintiff's Third Request for Production to the City of South Bend

Fed. R. Civ. P. 34(a), in the relevant part, allows a party to request the production of documents that "constitute or contain matters within the scope of Rule 26(b)." Given the broad scope of Rule 26(b), it is not surprising that the party resisting discovery bears the burden of showing why a production request is improper. *See* Rule 34(b); *Gile,* 95 F.3d at 495.

Plaintiff's motion seeks to compel material responsive to her production requests Nos. 2, 3, and 4. The City objects to requests Nos. 2 and 3 to the extent they imply that it could have rejected Defendant Barber's resignation. However, the City makes clear in its response that its "objections about the wording of these requests do not affect what documents it will provide to Plaintiff, so this is a non-issue." [DE 42 at 8]. Therefore, the court assumes that the City will provide documents responsive to Plaintiff's requests despite its objections. Further, the City objects to producing responsive material to requests Nos. 2, 3, and 4 without a protective order in place. The court entered a

protective order on August 28, 2025. The court presumes that the City now has provided additional documents to the Plaintiff and so will deny the motion without prejudice. The Plaintiff may file another motion to compel if she did not receive all the documents she requested.

### III.   CONCLUSION

Accordingly, Plaintiff's Second Motion to Compel Against Defendant City of South Bend is **GRANTED in part** and **DENIED in part**. [DE 37]. Defendant the City of South Bend is **ORDERED** to amend its Answers to RFAs Nos. 9, 10, 11, and 26-47 and its Answer to Interrogatory No. 7(c) only as related to RFAs Nos. 9, 10, 11 by **October 10, 2025**. Defendant is excused from responding to RFA No. 18.

Consistent with the mandate set forth in Rule 37(a)(5)(A), the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion [to compel] . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, "the court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." *Id.* Here, Defendant the City of South Bend's actions were substantially justified. Defendant properly relied on the scheduling order entered in this case and on the governing law. Defendant further made good faith efforts to answer Plaintiff's requests for admission and interrogatories. Accordingly, the Court finds that an award of expenses would be unjust. The Court therefore **DECLINES** to award Plaintiff her reasonable expenses incurred in filing the motion to compel.

**SO ORDERED** this 19th day of September 2025.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge