## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

JANE DOE,

   Plaintiff,

    v.          CASE NO. 3:23-CV-658-DRL-SJF

TIMOTHY P BARBER, et al.,

   Defendants.

## OPINION and ORDER

Pending before the Court are two of Plaintiff's motions related to the March 28, 2025, Opinion and Order entered in this litigation. [DE 52]. On April 11, 2025, Plaintiff filed her Verified Motion for Reconsideration of Parts of the Court's Opinion and Order of March 28, 2025. [DE 53]. In her motion, Plaintiff requests that the Court reconsider its earlier ruling, specifically those parts granting Defendant, the City of South Bend's ("City"), Motion for Protective Order [DE 26], and denying Plaintiff's first Motion to Compel Against the City of South Bend [DE 29]. Plaintiff does not request that the Court reconsider its grant of her earlier Motion to Compel against non-party 21CP Solutions [DE 21]. The City timely filed its response on May 9, 2025. [DE 64]. Plaintiff's motion for reconsideration became fully briefed on May 21, 2025. [DE 71].

Plaintiff also filed a motion requesting review by the Honorable Judge Damon Leichty as the presiding district judge in this case of the undersigned magistrate judge's Opinion and Order dated March 28, 2025. [DE 54].  Plaintiff's motion for review will be addressed in due course by separate order.

## I.    DISCUSSION

As Plaintiff's motion for reconsideration takes issue with the Court's application of its broad discretion in resolving discovery disputes, it is prudent to reiterate its scope, since that scope bears on the issues that Plaintiff raises with the Court's resolution of the discovery disputes found in Plaintiff's first motion to compel directed towards the City and the City's motion for a protective order related to a subpoena Plaintiff issued to a third-party 21CP Solutions, LLC ("21CP").

The Court has broad discretion in deciding whether to compel discovery and may deny discovery to protect a party from oppression or undue burden. Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(5)(C); *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996) (the court is afforded "significant discretion in ruling on a motion to compel."); *see also Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001). Thus, the Court "independently determine[s] the proper course of discovery based upon the arguments of the parties." *Gile*, 95 F.3d at 496 (citing to *Spears v. City of Indianapolis*, 74 F.3d 153, 158 (7th Cir. 1996)). It may grant the relief sought in whole or in part, or otherwise "fashion a ruling appropriate for the circumstances of the case." *Id.* at 496 (citing Fed. R. Civ. P. 37(a)(4)(B), (C)).

With the above standard in mind, the Court initially turns to Plaintiff's argument that reconsideration of its previous order is merited. Regarding conferral, Plaintiff argues the Court improperly found that Plaintiff' s certification of a good faith attempt to confer prior to filing her motion to compel was deficient but it excused the City's failure to file a corresponding certification to its motion for a protective order. Plaintiff's

2

argument regarding the parties' conferral is addressed below. Plaintiff's objection to the Court's grant of the City's motion for a protective order is addressed afterwards. Last, the Court addresses Plaintiff's initial motion to compel.

### A. Rule 37 Certifications

To restate, in addition to taking issue with the Court's resolution of the substance of the parties' discovery disputes, Plaintiff takes issue with the Court's application of Rule 37(a)(1) and N.D. Ind. L.R. 37-1 when resolving the City's motion for a protective order, compared with how the Court resolved Plaintiff's motion to compel.

Before a discovery dispute is brought to the Court's attention, the parties must attempt to resolve it among themselves. *See Robinson v. Potter,* 453 F.3d 990, 994-95 (8th Cir. 2006) (citing *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.,* 339 F.3d 180, 186 (3rd Cir. 2003).* Rule 26(c), Rule 37(a)(1), and Local Rule 37-1 all require counsel for the parties to attempt in good faith to resolve discovery disputes prior to filing discovery motions, and in furtherance of those goals, require movants to submit a certification explaining their good faith efforts to confer and resolve the discovery dispute without seeking court intervention. Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); N.D. Ind. L. R. 37-1.

Accordingly, all motions for protective orders and motions to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1). Local Rule 37-1 supplements Rule 37(a)(1)'s requirement. *Axis Ins. Co. v. Am. Specialty Ins. & Risk*

*Services, Inc.*, Case No. 1:19-cv-00165-DRL-SLC, 2022 WL 21697161, at *11 (N.D. Ind. April 28, 2022). Additionally, the meet and confer requirement in Local Rule 37-1 encompasses "every motion concerning discovery." *See Imbody v. C & R Plating Corp.*, 2010 WL 3184392, Cause No. 1:08–CV–218, at *1 (N. D. Ind. Aug. 10, 2010) (denying motion for a protective order related to a subpoena directed to a third party). The Court may deny a motion to compel that fails to include the required certification. *See* N.D. Ind. L.R. 37-1(b). That being said, "[c]ourts have broad discretion in determining whether the moving party has satisfied the meet-and-confer component of Rule 37(a)(1) and Local Rule 37.1.[1]" *Axis Ins. Co.*, 2022 WL 21697161, at *11 (quoting *Sowell v. Dominguez*, No. 2:09 CV 47, 2011 WL 4496505, at *3 (N.D. Ind. Sept. 27, 2011).

However, procedural shortcomings can be excused if the movant somewhat complied with the purpose of Rule 37-1 or if there is little doubt that the mandating compliance would simply delay the resolution of the parties' dispute. *Payne Jr. v. Indiana Department of Corrections*, Case No. 3:23-CV-0090-CCB-SJF, at *3 (N.D. Ind. June 23, 2025); *Washington v. Tovo*, No. 2:17-CV-128, 2018 WL 2126941, at *2 (N.D. Ind. May 9, 2018); *see also Lucas v. GC Servs. L.P.*, 226 F.R.D. 328, 335 (N.D. Ind. 2004) (plaintiffs' lack of compliance with predecessor to Rule 37-1 was not fatal because the motion reflected an effort to confer with the defendants).

---

[1] Northern District of Indiana Local Rule 37.1 was restyled as Local Rule 37-1 when the Local Rules were revised on January 1, 2012. *See* Northern District of Indiana, Local Rules, https://www.innd.uscourts.gov/court-info/local-rules-and-orders.

Indeed, courts in the Northern District of Indiana routinely exercise their discretion when determining whether to excuse parties' apparent noncompliance with predicate meet and confer requirements related to discovery motions. For example, in *Stratford Insurance Co. v. Shorewood Forest Utilities, Inc.*, after denying the movant's pervious motion to compel as premature and warning the parties to work together to resolve their disputes prior to involving the court, the court decided to resolve the pending motion to compel despite that it was "not apparent to the Court whether the parties had any meet and confer conferences as legitimate attempts to resolve the dispute raised in the instant motion, rather than just assertions of their positions." *Stratford Insurance Co. v. Shorewood Forest Utilities, Inc.*, Cause No.: 2:20-CV-372-PPS-JEM, 2023 WL 3168469, at *2-3 (N.D. Ind. May 1, 2023). Even further, the *Axis Ins. Co.*, court found that although movant did not specifically provide the details of a meet and confer conference as required by Local Rule 37-1(a), and so while it was within the court's discretion to deny the motion on procedural grounds, it was also proper for the court to address the motion to compel despite this procedural deficiency, which the court then proceeded to do. *Axis Ins. Co.*, 2022 WL 21697161, at *11.

Finally, it is also within a court's discretion to deny discovery motions *sua sponte* based on a movant's failure to demonstrate compliance with meet and confer requirements. *See Imbody*, 2010 WL 3184392, at *1 (denying motion to quash non-party subpoenas and for a protective order based on inadequate meet and confer certification one day after motion was filed).

Here, Plaintiff argues that the Court abused its discretion when it held that Plaintiff failed to comply with the meet and confer requirements under Rule 37(a)(1) and Local Rule 37-1, and thus denied Plaintiff relief on the motion to compel that she brought against the City, while excusing the City's noncompliance with the same requirements under Rule 26(c) and Local Rule 37-1. Plaintiff further argues that the City's failure to file a Local Rule 37-1 Affidavit justified a total denial of the City's motion for a protective order.

Plaintiff is correct that, in its motion, the City did not describe its attempts at resolving the dispute related to the protective order beyond stating that it had conferred with Plaintiff's counsel and that Plaintiff's counsel objected. Further, the City is incorrect in arguing that Local Rule 37-1 does not apply to its motion for a protective order. *See Imbody*, 2010 WL 3184392, at *1. However, it is clear from Plaintiff's response and motion to reconsider that any further attempts at conferral would not have resolved the dispute. Prior to the City filing its motion, Plaintiff objected to allowing the City to conduct a privilege review of any documents 21CP would produce in response to Plaintiff's subpoena. Plaintiff continues to argue against such a grant in her motion for reconsideration. Any additional attempts on the City's part to resolve this dispute with Plaintiff would have been futile, and so the Court was warranted in excusing the City's noncompliance with Rule 26(c) and Local Rule 37-1 when granting the motion for a protective order.

Plaintiff objects to the Court's assessment of Plaintiff's attempts to resolve her discovery dispute with the City prior to filing her first motion to compel. Plaintiff first

takes issue with the Court's *sua sponte* denial of her motion on this basis. Plaintiff argues that the Court's actions were clearly erroneous and contrary to law because they were outside the adversarial issues presented to the Court by the parties. The single case Plaintiff cites in support relates to the district court's discretion in declining to allow further amendment of a complaint. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191-92 (7th Cir. 1990). Plaintiff does not cite any other precedent in support of her argument or explain how *Bank of Waunakee*, applies to limit the Court's discretion to enforce conferral requirements. Moreover, Plaintiff's argument that she did satisfy the meet and confer requirements of Rule 37(a)(1) and Local Rule 37-1 with the submitted documentation and certification reflects only disagreement with the Court's earlier analysis, which is not a proper basis for reconsideration. *First Specialty Ins. Co. v. Supreme Corp.*, No. 3:12-cv-JD, 2018 WL 4680015, 2018 WL 4680015, at *2 (N.D. Ind. Sept. 28, 2018); *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) *(*overruled on other grounds by *Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013)).

Plaintiff provides additional facts in her motion for reconsideration which show that Plaintiff's counsel made an additional attempt to confer with the City's counsel via telephone prior to filing her motion to compel, in response to which the Plaintiff was notified that the City was standing on its objections via an email response. Plaintiff's counsel provides evidence of this additional correspondence to show that the Court abused its discretion in denying Plaintiff's motion. Plaintiff's additional evidence is not sufficient to show that the Court abused its discretion.

Despite this, the Court endeavors to fashion a ruling appropriate to the unique circumstances of the case. *Gile*, 95 F.3d at 496; *Fisher v. National R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993). Further, it is apparent from the parties' briefing that their dispute will not be resolved absent Court intervention. *See Jackson v. Macon County Sheriff's Dep't*, Case No. 19-2169, 2021 WL 2834371, at *2-3 (C.D. Ill. June 11, 2021).

A motion to compel can be renewed, if necessary, after counsel conduct a conference, or after the movant properly shows that a conference was attempted. *Imbody*, 2010 WL 3184392, at *1 (citing *Shoppell v. Schrader*, No. 1:08–CV–284, 2009 WL 2515817, at *2 (Aug. 13, 2009)). To this effect, the movant may bring additional evidence in support in a motion to reconsider. *Fisher*, 152 F.R.D. at 149 (affidavit from movant's counsel filed in support of his motion for reconsideration was sufficient to show that his failure to comply with the court's local rules was wholly inadvertent.)  Relevant here, the *Fisher* court stated:

> Where a previous error is the result of negligence or other nonculpable conduct, and when a motion involves important issues which may effect the outcome of case, like this motion to compel, the dispute is better decided on the merits than on procedural grounds. In these circumstances, the court is generally inclined to grant a motion to reconsider when a party interposes valid arguments in support of the motion.

*Id*. With the above criteria in mind, the *Fisher* court granted the movant's motion for reconsideration in order to determine whether the movant's motion to compel discovery was warranted. *Id*.

Here, Plaintiff's motion is verified by counsel under 28 U.S.C. § 1746, as containing representations of fact that are true and correct under the penalties of

perjury and is dated April 11, 2025. A declaration contemplated by 28 U.S.C. § 1746 may be submitted instead of an affidavit. *See* Fed. R. Civ. P. 56(c)(4), Advisory Committee Note to 2010 Amendment ("A formal affidavit is no longer required. 28 U.S.C. § 1746 allows a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury to substitute for an affidavit."); *see also* Owens v. Hinsley, 635 F.3d 950, 954–55 (7th Cir. 2011). Like the additional facts the movant's counsel brought in support of his motion for reconsideration in *Fisher*, the facts Plaintiff brings in her verified motion are sufficient to show that her failure to comply with Rule 37(a)(1) and Local Rule 37-1 was the result of nonculpable conduct.

Accordingly, Plaintiff's motion to reconsider her initial motion to compel [DE 29] is granted. The merits of Plaintiff's motion to compel are addressed in section D, *infra*.

### B. Standard for Motion to Reconsider Court's Grant of Protective Order [DE 53]

Before the Court considers Plaintiff's motion to compel, it turns to the City's motion for a protective order, which Plaintiff argues in her motion for reconsideration was improperly granted. Plaintiff and the City do not dispute that motions to reconsider interlocutory orders such as the Court's March 28, 2025, Opinion and Order are governed by Fed. R. Civ. P. 54(b), which provides that an order adjudicating "fewer than all the claims or rights and liabilities of fewer than all the parties" may be revised at any time before the entry of a final judgment. Fed. R. Civ. P. 54(b). Thus, courts may reconsider non-final orders as justice requires prior to final judgment. *First Special Ins. Co.*, 2018 WL 4680015, at *1.

The Seventh Circuit has repeatedly held that motions for reconsideration serve limited functions, including correcting manifest errors of law or fact or presenting newly discovered evidence. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quotation omitted). A manifest error does not exist just because the losing party is disappointed with a court's decision. *First Special Ins. Co.*, 2018 WL 4680015, at *1. Rather, a manifest error arises from "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). Simply put, motions for reconsideration are not to be used to advance arguments that the Court has already addressed and decided. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *Stodola v. Finley & Co., Inc.*, No. 2:05-CV-464-PRC, 2008 WL 3992237, at *5 (N.D. Ind. Aug. 21, 2008). "Indeed, the court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Lock Realty Corp. IX v. U.S. Health, LP*, No. 3:06-CV-487RM, 2010 WL 148296, at *1 (N.D. Ind. Jan. 13, 2010).

However, motions for reconsideration serve the limited function of allowing the Court to correct manifest errors of law or fact or to consider newly discovered material evidence. *See Cnty. of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006). Such a motion "essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Whether to grant a motion for reconsideration "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

As outlined below, the Court finds that its grant of the City's Motion for a protective order was proper and denies Plaintiff's motion to reconsider.

### C.  City of South Bend's Motion for a Protective Order [DE 26]

Plaintiff brings a litany of arguments directed towards the Court's grant of the City's motion for a protective order. The Court, *supra*, has addressed Plaintiff's argument that it was improper to excuse the City's noncompliance of the meet and confer requirements and has declined to reconsider the March 28, 2025, Opinion and Order. Plaintiff's remaining arguments are addressed below.

Initially, Plaintiff argues that the Court abused its discretion when it excused the City's failure to timely bring its motion for a protective order, which Plaintiff argues was a wholly sufficient justification for denying the motion. The City is correct in arguing that Plaintiff is merely rehashing the argument she brought in response to the City's motion. Further, Plaintiff's argument that the Court improperly conflated "whether a party has timely filed a motion for a protective order and whether a party has waived privilege objections" is without merit. *See* [DE 71 at 3 n. 2]. If the Court found that the City waived its right to review documents 21CP produced in response to Plaintiff's subpoena, and consequently ordered them to be produced directly to Plaintiff, then any documents or communications implicating the City's claims of privilege relating to 21CP produced would in effect be moot, as the documents would already be in Plaintiff's possession.

Plaintiff further argues that the City's failure to object to the subpoena within the time for 21CP to comply with Plaintiff's subpoena or within 14 days of service of the

subpoena to 21CP constitutes waiver of any objections the City may have as to any documents or communications 21CP may produce. *See* Fed. R. Civ. P. 45(d)(2)(B), (e)(2). Plaintiff's argument is a rehash of what was brought in response to the City's motion for a protective order. The Court rejected Plaintiff's argument as a basis for denying the City's motion for a protective order. Therefore, Plaintiff has not provided a proper basis for reconsideration.

Plaintiff's third argument is related to a report 21CP provided at the City's request in July of 2020. The City published the July 2020 report on its website. Plaintiff argues that by publishing the report, the City waived any privilege objections it may directed toward documents 21CP produces that relate to the preparation of the report. Plaintiff argues that the City is not entitled to any prior review of documents 21CP may produce to Plaintiff pursuant to her subpoena. The City's argument, found in its reply in support of its motion for a protective order, is that the disclosure of the report does not waive privilege for each and every document that relates to 21CP's investigation and preparation of the report. [DE 28 at 3]. Plaintiff cites three cases in her motion to reconsider. *Burden-Meeks v. Welch*, deals with a single report, not the universe of documents that may have been made in preparation of same. *Burden-Meeks v. Welch*, 319 F.3d 897, at 899 (7th Cir. 2003). *In re Steinhardt Partners, L.P.*, the second case Plaintiff cites, also concerns the disclosure of a single memorandum, and whether the protections of that single document were waived. *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 233-34 (2nd Cir. 1993). The third case Plaintiff cites concerns whether a privilege applied to "the same documents" previously disclosed to an administrative agency.

*Permian Corp. v. U.S.*, 665 F.2d 1214, 1221 (D.C.C. 1981). The cases demonstrate that the scope of waiver is limited to those documents that were actually disclosed and not to all the documents underlying the report that was prepared. The Court declines to reconsider its grant of the City's motion for a protective order based on this argument.

In her motion to reconsider, Plaintiff's fourth, sixth, and seventh arguments concern whether the City waived its privilege objections by providing statements and documents to 21CP and by having 21CP provide those documents to the City in turn. Plaintiff argues that the City's provision of those documents to 21CP and 21CP's provision of documents to the City waived any of the privilege objections with respect to those documents. "[C]onfidential communications between an attorney and the client's third-party consultant remain privileged when conducted 'for the purpose of obtaining or providing legal advice.'" *Schmucker v. Johnson Controls, Inc.*, Cause No. 3:14-CV-1593-JD-MGG, 3:15-cv-226-JD-MGG, 2017 WL 6043328, *5 (N.D. Ind. Sept. 19, 2017). Legal advice related to a specific matter may be privileged where an entity's attorney requires the input of a third-party consultant. *Id.* (citing *Stafford Trading v. Lovely*, No. 05-C-4868, 2007 WL 611252, at *2 (Feb. 22, 2007). Additionally, the City has an interest in fully preparing information and material for an internal investigation without the fear that work-product privilege does not apply. *Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1025-26 (7th Cir. 2012). To reiterate, Plaintiff does not dispute that she is seeking information from 21CP that stems from an assessment 21CP undertook of the South Bend Police Department at the direction of South Bend Corporation Counsel. Material connected to such an investigation is commonly subject to a privilege review. *See, e.g.*,

*Palmer v. City of Decatur,* Case No. 17-3268, 2019 WL 13156161, *2 (C.D. Ill. July 19, 2019). The Court declines to reconsider its grant of the City's motion for a protective order based on these arguments.

The fifth and eight arguments that Plaintiff brings relate to whether the Court misstated the law related to waiver of privilege. Plaintiff argues that the Court did so when it determined that the City did not automatically waive any potential privilege objections based on its tardy motion for a protective order. The City argues that the Court's interpretation of the law is correct. Because Plaintiff's arguments simply reflect disagreement with the Court's analysis, Plaintiff has not provided a proper basis for reconsideration. *First Specialty Ins. Co.,* 2018 WL 4680015, at *2; *Broaddus*; 665 F.3d at 860.

### D. Plaintiff's Motion to Compel [DE 29]

#### i. Legal Standard Relating to the Scope of Permissible Discovery

The City objects to Plaintiff's written discovery requests largely because they fall outside of the scope outlined in Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides that, "[u]less otherwise limited by court order":

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.* Relevancy is broadly construed to encompass "any matter that bears upon, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Herx v. Diocese of Fort Wayne-South Bend Inc.,* Case No. 1:12–CV–122, 2013

WL 5531376, at *1 (N.D. Ind. Oct. 7, 2013) (internal quotations omitted). However, courts are authorized to limit discovery to only that which is warranted by the circumstances of each case in order to hedge against the potential for discovery abuse. *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993). In that vein, the Court has broad discretion in deciding whether to compel discovery and may deny discovery to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c); *Sattar*, 138 F.3d at 1171; *Gile*, 95 F.3d at 495-96.

Discovery requests that encompass information far beyond the claims and defenses at issue in a case are not permitted. *Vakharia v. Swedish Covenant Hosp.*, No. 90 C 6548, 1994 WL 75055, at *2 (N.D. Ill. 1994) ("The discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. Parties are entitled to a reasonable opportunity to investigate the facts—and no more.") Information not directly related to the claims or defenses identified in the pleadings may still be within the scope of permissible discovery if it is relevant to the subject matter involved in the action. *Hills v. AT&T Mobility Services, LLC*, Case No. 3:17-CV-556-JD-MGG, 2021 WL 3088629, at *3 (N.D. Ind. 2021); *Sanyo Laser Products, Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003); *see also, Adams v. Target,* No. IP00–1159–C–T/G, 2001 WL 987853, *1 (S.D. Ind. July 30, 2001).

The burden, including that regarding the scope of permissible discovery, "rests upon the objecting party[,]" who must "show why a particular discovery request is

improper." *Gregg v. Local 305 IBEW,* Cause No. 1:08–CV–160, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009) (*citing Kodish v. Oakbrook Terrace Fire Protection Dist.,* 235 F.R.D. 447, 449–50 (N.D. Ill. 2006). However, when the relevancy of the discovery sought is not apparent, or when the discovery request is overly broad, "the requesting party must establish relevancy." *Hills*, 2021 WL 3088629, at *4; *see also, Greenbank v. Great Am. Assurance Co.,* No. 3:18-cv-00239-SEB-MPB, 2019 WL 6522885, at *3 (S.D. Ind. 2019) ("A party moving to compel production carries the initial burden of establishing, with specificity, that the requested documents are relevant.")

This Court's July 23, 2025, Opinion and Order on the City's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings [DE 74], narrowed the scope of Plaintiff's case, and this decision applies to narrow the scope of relevant discovery here. *See Reiser v. Residential Funding Corp.,* 380 F.3d 1027, 1029 (7th Cir. 2004). In particular, in that opinion and order, the Court recognized the City's "immunity for discretionary training, supervision, and retention of police officers" and immunity for any of Plaintiff's allegations against the City for its own negligence under the Indiana Tort Claims Act. [*See* DE 74 at 9-10]. The court also rejected Plaintiff's argument that the City owed her a non-delegable duty as a common carrier. [*See* DE 74 at 14-16]. At this point in the litigation, as stated in that order, Plaintiff's "claims against the City for common carrier liability and for negligently training, supervising, or retaining a law enforcement officer, as a matter of law and immunity" have been dismissed. [DE 74 at 17]. As against the City, only her *respondeat superior* claims directed towards Timothy "Barber's conduct

and for the conduct of other officers who allegedly failed to intervene or prevent such conduct" remain. [DE 74 at 17].

With this in mind, the Court now turns to the issues Plaintiff raises with the City's responses and answers to certain requests for admission, interrogatories, and requests for production of documents, in that order.

### ii. RFAs Nos. 1, 2, 3, 4, and 7

Plaintiff asks the Court to compel the City to answer RFAs Nos. 1, 2, 3, 4, and 7 in her First Request for Admission. The City objects to these RFAs as outside the scope of Rule 26(b)(1). Rule 36(a)(1) provides that the scope of any request for admission must conform to Rule 26(b)(1). The purpose of requests for admission is to narrow the matters in controversy to only those issues genuinely in dispute between the parties. *Berry v. Federated Mut. Ins. Co.*, 110 F.R.D. 441, 443 (N.D. Ind. 1986); *Escobedo v. Ram Shirdi Inc.*, Case Number 10 C 6598, 2011 WL 13243990, at *2 (N.D. Ill. Mar. 16, 2011);  8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2252, at 522–523.

Rule 36(a)(6) allows Plaintiff to bring a motion in order determine the "sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). If the requesting party believes the responding party to have answered insufficiently, she may move for the court to rule on the answer's sufficiency. Fed. R. Civ. P. 36(a)(6). If challenged, the objecting party bears the burden of justifying its objections. *Ag Fur Industrielle Elektronik Agie v. Mitsubishi Intern. Corp.*, No. 83 C 4056, 1986 WL 8467, at *1 (N.D. Ill. July 31, 1986); Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2263 (3d ed.) ("The burden is on the objecting party to persuade the court that there is a justification for the objection.").

"Unless the court finds an objection justified, it must order that an answer be served." *Id.*

If the court finds the answer insufficient, it may order the responding party to amend the answer. Fed. R. Civ. P. 36(a)(6). The court may also simply order the matter admitted. Fed. R. Civ. P. 36(a)(6). The court's significant discretion in ruling on discovery matters extends to ruling on a motion under Rule 36(a)(6). *LKQ Corp. v. Kia Motors Am., Inc.*, Case No. 21 C 3166, 2023 WL 2429010, at *1 (N.D. Ill. Mar. 9, 2023) (citing to *Breuder v. Bd. of Trustees of Cmty. Coll. Dist. No. 502*, No. 15 CV 9323, 2021 WL 1165089, at *2 (N.D. Ill. Mar. 25, 2021); *Reitz v. Creighton*, No. 15 C 1854, 2019 WL 5798680, at *2 (N.D. Ill. Nov. 7, 2019)).

The Court first addresses Plaintiff's RFAs Nos. 2 and 7, which concern a statement South Bend Police Chief Scott Ruszkowski posted on a news website on June 1, 2020, in the wake of George Floyd's death in Minneapolis. [DE 29-4 at 2-3, DE 33 at 5 n. 1]. The statement, written in first-person, opines on justice in policing and accountability within the law enforcement community. [*Id.*] Plaintiff's RFA No. 2 requests that the City admit that Chief Ruszkowski authored the statement. RFA No. 7 requests that the City authenticate a document from Plaintiff's production that contains the statement. The City objects and argues that both RFAs fall outside the scope of permissible discovery under Rule 26(b)(1). Plaintiff argues that the City's objection is not justified because Chief Ruszkowski's statement relates to Plaintiff's claims of direct negligence against the City. Plaintiff also argues that Chief Ruszkowski's statement refutes the City's denial in the pleadings that any code of silence existed within the

South Bend Police Department while also buttressing Timothy Barber's admission that a code of silence did exist.

To reiterate, the scope of Plaintiff's case has been narrowed by this Court's July 23, 2025, Opinion and Order and this decision applies here. *See Reiser*, 380 F.3d at 1029. At this point in the litigation, as stated in that order, Plaintiff's "claims against the City for common carrier liability and for negligently training, supervising, or retaining a law enforcement officer, as a matter of law and immunity" have been dismissed. [DE 74 at 17]. RFAs Nos. 2 and 7 concerning Chief Ruszkowski's general statement are not reasonably calculated to narrow the matters here to only those genuinely in dispute. Principally, these RFAs are not related Plaintiff's *respondeat superior* claims directed towards the City based on Timothy Barber's conduct, which are the only claims that remain against the City. [*See* DE 74 at 17]. Therefore, the City's objections to RFAs Nos. 2 and 7 are proper.

The City also objects to RFA No. 1 as falling outside the scope of permissible discovery[2] under Rule 26(b)(1). RFA No. 1 directs the City to admit that:

> No member of the South Bend Police Department (including SBPD Officer Timoty Barber and SBPD Officer Zac Overton) ever reported child abuse involving Jane Doe to the Indiana Department of Child Services or a local law enforcement agency under Indiana Code § 31-33-5-1 *et seq.*

The City argues that whether any South Bend police officer reported Timothy Barber's alleged actions towards Jane Doe to the Indiana Department of Child Services

---

[2] The City withdrew its objection that RFA No. 1 incorrectly assumes a duty to report child abuse. [DE 33 at 22 n.11]

or a local law enforcement agency is irrelevant to Plaintiff's claims. The City further argues that whether such reporting occurred or did not occur is not relevant to Plaintiff's *respondeat superior* claims against it. Plaintiff points RFA No. 1 as relevant to her claims of direct negligence against the City, which Plaintiff cannot bring, as outlined by this Court's July 23, 2025, Opinion and Order. *See Reiser*, 380 F.3d at 1029. Plaintiff further points to the South Bend Police Department's own internal policy manual, which Plaintiff argues mirrors Indiana Code § 31-33-5-1 *et seq.* and argues that whether Timothy Barber or other police officers followed the reporting requirement is relevant to the immunity defenses brought by the Defendants.

The City has not met its burden in showing how RFA No. 1 is not relevant, and outside the scope of permissible discovery. The South Bend Police Department's own internal policy manual makes the reporting of abuse as alleged here mandatory. Whether Timothy Barber—the alleged perpetrator of such abuse—or any other witness followed the reporting requirements is relevant to the allegations Plaintiff brings in her first amended complaint. Even if the likelihood of Timothy Barber reporting his own alleged abuse is incredibly low, that does not render the question of whether he or his colleagues did or not report the abuse irrelevant.

RFAs Nos. 3 and 4 concern the hiring of an individual by the City of South Bend as its first Community Police Review Director after he had been suspended several times by the Indianapolis Metropolitan Police Department, including for using a sexist slur against women in training—presumably within the law enforcement context—on Facebook.  The City objects to these RFAs as outside the scope of permissible discovery,

because they are unrelated to the City's *respondeat superior* liability concerning Timothy Barber. Plaintiff argues that these RFAs are relevant because they concern the City's direct liability. The Court dismissed these claims in its July 23, 2025, Opinion and Order. [*See* DE 74 at 9-10, 17]. Therefore, the City's scope objection is sustained.

The City's objection regarding RFA No. 1 is overruled. The City must provide its response by **October 28, 2025**. The City has met its burden of showing that RFAs 2, 3, 4, and 7 are outside the scope of permissible discovery. Therefore, the City's objections to RFA 2, 3, 4, and 7 are sustained.

### iii. Plaintiff's Interrogatories Nos. 1, 5, and 6

Plaintiff takes issue with the City's scope objections directed at Plaintiff's interrogatories Nos. 1, 5, and 6. In interrogatory No. 1, Plaintiff directs the City to explain any denial in response to Plaintiff's RFAs[3]. In response, the City incorporated its objections to those RFAs as its answer to the interrogatory. The City's objections to Plaintiff's RFAs Nos. 1, 2, 3, 4, and 7 are that they are outside the scope of permissible discovery. The Court has sustained the City's objections for all of Plaintiff's requests for

---

[3] The text of interrogatory No. 1 is as follows: "If South Bend failed to admit or gave less than an unqualified admission to any of *Plaintiff's First Requests for Admission to Defendant City of South Bend*, then for each such Request state in detail:

    (a)  The facts upon which the denial or qualified response is based;

    (b)  The documents upon which the denial or qualified response is based (identified by Bates number or by title, date, and author); and

    (c)  The name, address, and telephone number of each witness who will testify regarding the denial or qualified response."

[DE 29-5 at 1].

admission except for RFA No. 1. Accordingly, the City is excused from answering

Interrogatory No. 1, except as it relates to RFA No. 1.

The City's objections for interrogatories Nos. 5 and 6 are that they are outside the

scope of Rule 26(b)(1). Interrogatory No. 5 states:

> State the name and position of all supervisors (including, but not limited to, immediate supervisors, training supervisors, and shift supervisors) for SBPD Officer Zach Overton, SBPD Officer Tobias Taylor, SBPD Officer Ryan Williams, and SBPD Officer Jeremiah Hooks during the period January 1, 2021, [sic] through October 4, 2021.

[DE 29-5 at 2].

The City answered as follows: "Defendant City of South Bend objects to Interrogatory

No. 5 because it is outside the scope of permissible discovery under Rule 26(b)(1)." [DE

29-5 at 2] (emphasis omitted). Interrogatory No. 6 states:

> For each claim of sexual misconduct made against an employee of the City of South Bend (including, but not limited to, the South Bend Police Department, the South Bend Fire Department, and the South Bend Board of Public Works), during the period July 10, 2018 [sic] through September 15, 2022, state:
> (a) The name, address, and telephone number of the South Bend employee accused of sexual misconduct;
> (b) The allegations of sexual misconduct made against the South Bend employee; and
> (c) The disciplinary action, if any, that South Bend took against the employee arising from the claim of sexual misconduct.

[DE 29-5 at 2-3].

The City answered as follows:

> Defendant City of South Bend objects to Interrogatory No. 6 because it is outside the scope of permissible discovery under Rule 26(b)(1), vague (particularly the phrase "claim of sexual misconduct"), and overbroad. Subject to and without waiving said objections:

On or about September 9, 2022, Plaintiff Jane Doe accused Timothy Barber of acts of child seduction, public indecency, and public nudity. For further information responsive to this interrogatory, refer to Plaintiff's correspondence dated September 9, 2022 and the documents attached thereto.

[DE 29-5 at 3] (emphasis omitted).

Plaintiff argues that the City has not established its scope objections with sufficient specificity as to render them anything beyond boilerplate objections. The City responds that although parties are required to state the grounds for an objection, they are not required to provide legal briefs. Further, the City argues that it explained its objections with citations to authority, and stood on its position that discovery related to allegations of misconduct by other South Bend employees are irrelevant to any legal theory that Plaintiff could pursue at trial. The City finally argues that Plaintiff has not established how these interrogatories are relevant and proportional to the needs of this case. *Motorola Sols., Inc. v. Hytera Commc'ns Corp.,* 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019); *see also, BankDirect Cap. Fin., LLC,* No. 15 C 10340, 2018 WL 946396, at *4 (N.D. Ill. Feb. 20, 2018) ("Unless the requestor can demonstrate that the materials sought are relevant, judges should not hesitate to exercise appropriate control over the discovery process.").

The City also objects to interrogatory No. 6 as improperly vague, especially in regards to the term of "claim of sexual misconduct" as being improperly vague. Plaintiff retorts that interrogatory No. 6 is relevant to several theories she has advanced towards determining credibility, and the City's vagueness objection is not well-taken,

because the City used the terms "claim" and "sexual misconduct" in its own discovery requests directed towards Plaintiff.

Here, this Court's July 23, 2025, Opinion and Order on the City's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings [DE 74], narrowed the scope of Plaintiff's case, and this earlier decision applies here. *See Reiser*, 380 F.3d at 1029. At this point in the litigation, as stated in that order, Plaintiff's "claims against the City for common carrier liability and for negligently training, supervising, or retaining a law enforcement officer, as a matter of law and immunity" have been dismissed. [DE 74 at 17]. As against the City, only her *respondeat superior* claims directed towards Timothy "Barber's conduct and for the conduct of other officers who allegedly failed to intervene or prevent such conduct" remain. [DE 74 at 17]. Plaintiff instead focuses only on the high-level subject matter relevance of this interrogatory to the claims and defenses in this case, namely, the claims in her first amended complaint and any credibility determinations of potential witnesses at trial. The claims of sexual misconduct made against any employee other than Timothy Barber are not relevant to this case. The City has answered interrogatory No. 6 in regards to Timothy Barber. Further, Plaintiff does not elaborate how any sexual misconduct claims against any other employee of the City of South Bend (including, but not limited to, the South Bend Police Department, the South Bend Fire Department, and the South Bend Board of Public Works), are relevant, or could reasonably lead to evidence relevant to this case. The relevance of such claims to Plaintiff's case is not readily apparent. Further, Plaintiff's arguments that any such claims go to credibility determinations are not persuasive. It is not readily apparent to

the Court how, for example, a claim of sexual misconduct against an employee of the South Bend Board of Public Works would aid in a credibility determination of any witnesses Plaintiff may choose to call in this case.

Accordingly, the City's Rule 26(b) objection is sustained. Because this objection is sufficient to excuse the City from answering the interrogatory any further, the Court declines to address the City's vagueness objections at this time.

### iv. Plaintiff's Requests for Production Nos. 6, 12, 19, 20, 21, 28, 29, 33, 34, 36, 37, 38

Plaintiff argues that the City's response to RFP No. 6, that Plaintiff's request is improper because she is already in possession of the responsive material she seeks, should be overruled. However, Plaintiff does not request that the Court order the City to produce this responsive material. Instead, Plaintiff requests that the City confirm in writing that it has produced all responsive material in its possession, custody, or control. Plaintiff's request for this signed certification from the City is addressed below.

Plaintiff argues that the City's responses to RFPs Nos. 12, 19, 20, 21, 28, 29, 33, 34, 36, 37, 38, are insufficient because despite that City states "[r]esponsive documents are produced herewith" it is impossible for Plaintiff to tell whether the City has produced all responsive documents. [DE 31 at 5]. Plaintiff points to missing portions of Timothy Barber's payroll records and missing GPS data for police officers other than Timothy Barber as evidencing that the City has not produced all responsive documents. As a result, Plaintiff requests that the Court order the City to confirm in writing that it has produced all responsive documents in its possession, custody, or control. Plaintiff also

argues that the City should produce all responsive documents whether or not a protective order is in place.

Rule 26(g) provides that every discovery response must be signed by at least one attorney of record, and by signing, "an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" the responses are complete, correct, and consistent with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(g)(1). "If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3).

The City argues that Fed. R. Civ. P. 26(g)(1) has been sufficiently complied with and that any further certification is not necessary. The City also argues that it has produced all available responsive GPS data, and that it will produce responsive personnel records once a protective order is in place. Currently, based on the City's responses and production, it is clear that it has met the requirements in Fed. R. Civ. P. 26(g)(1). The Court denies Plaintiff's request for any further certification of completeness from the City. Further, the Court entered a protective order on August 28, 2025. The court presumes that the City now has provided additional documents to the Plaintiff and so will deny the motion without prejudice. The Plaintiff may file another motion to compel if she did not receive all the documents she requested.

### v. Plaintiff's Requests for Production Nos. 22, 23, 24, 25, 26, 32, 39, 40, 41, 42, 43, 44

The City objects to producing responsive material to RFPs Nos. 22, 23, 24, 25, 26, 32, 39, 40, 41, 42, 43, 44 without a protective order in place. The Court entered a protective order on August 28, 2025, and presumes that the City now has provided additional documents to the Plaintiff and so will deny the motion without prejudice. The Plaintiff may file another motion to compel if she did not receive all the documents she requested.

The City further objects to RFP No. 22(b)-(f), which requests documents related to internal affairs investigations of five other South Bend police officers as outside the scope of Rule 26(b)(1). The Court finds that the same rationale that sustained the City's objection to interrogatory No. 6 applies here. The City is excused from providing any responsive documents to RFP No. 22(b)-(f).

The City also objects to RFP No. 25 as being overbroad and unduly burdensome. RFP No. 25 requests every document related to training that Timothy Barber received from the City of South Bend. The City argues that Plaintiff's request goes far beyond the production of records reflecting what training Timothy Barber actually received. Plaintiff argues that the discovery rules do not mandate that Plaintiff specify what sort of related documents she is seeking from the City. The City has not provided any further argument as to why it would be unduly burdensome to produce documents related to Timothy Barber's training and it does not dispute that his training is relevant

here. *Kodish,* 235 F.R.D. at 450. Therefore, the City's objection is overruled and it is directed to produce any responsive documents not already produced to Plaintiff.

### vi.    Plaintiff's Requests for Production Nos. 28 and 35

A dispute as to the meaning of terms between Plaintiff and the City is reflected in the written discovery that the parties appear to have clarified in their briefings. Plaintiff's RFP No. 28 requests all documents related to Timothy Barber's departure and whether it was the City's decision to allow him to resign. The City takes issue with Plaintiff's terminology but conveys that it has produced the documents responsive to RFP No. 28. Plaintiff argues that a motion to compel is proper because the City has not stated that it has produced all responsive documents. The City has complied with the requirements in Fed. R. Civ. P. 26(g)(1), which is sufficient to show that its production is complete. Similarly, the City and Plaintiff take issue with whether there were several police manuals or one manual referred to by different names. Through their briefing, it is clear that Plaintiff has sought and obtained a police manual from the City that was referred to by different names in other documents the City produced. Accordingly, the Court denies Plaintiff's motion to compel as moot as to RFP Nos. 28 and 35.

### vii.    Plaintiff's Request for Production Nos. 39, 40, 41, 42, 43, 44

The City objects to Plaintiff's RFP Nos. 39, 40, 41, 42, 43, 44, because it argues that they are not relevant to any issue in this case. Plaintiff argues that these RFPs are relevant because they are related to sexual misconduct by any City employees other than Timothy Barber, and because they are relevant to Plaintiff's claims for negligent supervision, training, and retention, and for negligent failure to prevent and report

Barber's misconduct, as well as relevant to the bias and credibility of the City's agents, the City's failure to exercise reasonable control over Timothy Barber and the other police officer who failed to prevent or report his misconduct, and to the City's denial of the existence of a code of silence with the South Bend police. Plaintiff does not elaborate on this litany of justifications.

The Court finds that the same rationale that sustained the City's objection to interrogatory No. 6 applies here. The City's objection to providing any responsive documents to RFP Nos. 39, 40, 41, 42, 43, 44 is sustained.

The City also objected to these requests as improperly vague. Because the City's relevancy objections are sufficient to excuse the City from answering these requests for production, the Court declines to address the City's vagueness objections at this time.

## II.    AWARD OF ATTORNEY'S FEES

Finally, Plaintiff argues that the Court must reconsider its earlier order related to attorney's fees as clearly erroneous and contrary to law because Plaintiff's positions regarding both motions was substantially justified and because an award of attorney's fees would be substantially unjust. The City responds and correctly notes that the Court's earlier order does not declare whether Plaintiff's position was substantially justified, or whether other circumstances would make an award of expenses unjust. Instead, the Court directed the City to file a statement of its expenses and argue why they were reasonable. Plaintiff agrees with the City's interpretation in her reply. With that in mind the Court, denies this portion of Plaintiff's motion for reconsideration as moot.

As for Plaintiff's first Motion to Compel Against the City of South Bend [DE 29], consistent with the mandate set forth in Rule 37(a)(5)(A), Defendant the City of South Bend's actions were substantially justified. Defendant properly relied on the governing law when making its objections. Defendant further made good faith efforts to answer Plaintiff's written discovery. Accordingly, the Court finds that an award of expenses would be unjust. The Court therefore **DECLINES** to award Plaintiff her reasonable expenses incurred in filing the motion to compel.

### III.    CONCLUSION

Accordingly, Plaintiff's Motion to Reconsider is **GRANTED in part** and **DENIED in part**. [DE 53]. Plaintiff's First Motion to Compel Against Defendant City of South Bend is **GRANTED in part** and **DENIED in part**. [DE 29]. The Court declines to reconsider its earlier grant of the City of South Bend's Motion for a Protective Order. [DE 26].

Defendant the City of South Bend is **ORDERED** to amend its Answers to Request for Admission No. 1, Plaintiff's Interrogatory No. 1, as it relates to Request for Admission No. 1, and Request for Production No. 25 by **October 28, 2025**. Plaintiff's motion to compel as related to Requests for Production Nos. 22, 23, 24, 25, 26, 28, 32, and 35 is denied as moot. Defendant's objections to: Plaintiff's Requests for Admission Nos. 2, 3, 4, and 7; Plaintiff's Interrogatory No. 1, as it relates to Plaintiff's Requests for Admission Nos. 2, 3, 4, and 7, and Interrogatories Nos. 5 and 6; and Plaintiff's Requests for Production Nos. 6, 12, 19, 20, 21, 28, 29, 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, and 44 are sustained.

**SO ORDERED** this 15th day of October 2025.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge