UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JANE DOE,

    Plaintiff,

v.

TIMOTHY BARBER and
THE CITY OF SOUTH BEND,

    Defendants.

CAUSE NO. 3:23cv658 DRL-SJF

## OPINION AND ORDER

Jane Doe sued Officer Timothy Barber and the City of South Bend, alleging that Officer Barber sexually assaulted her multiple times while on duty and that the City is responsible for his misconduct. In the course of discovery, several disputes arose among the parties. They presented these issues to the magistrate judge for resolution through competing motions. After the magistrate judge issued a ruling on these discovery matters, Ms. Doe filed her objections under Rule 72(a). Another round of filings before the magistrate judge mooted certain of these issues, so the court addresses only the remainder. The court overrules Ms. Doe's last objections.

## BACKGROUND

Before this lawsuit was filed, the City hired 21CP Solutions, LLC to assess the South Bend Police Department's performance. At the conclusion of its assessment, 21CP publicly released a 67-page report titled "Recommendations for the South Bend Police Department" [27-2].

During discovery, the City disclosed to Ms. Doe that it had previously retained 21CP for this assessment. Interested in the documents underlying the report, Ms. Doe served 21CP with a subpoena on February 23, 2024. Three days prior, Ms. Doe served the City with a copy of the

subpoena. The subpoena sought, among other things, documents that the City provided or made available to 21CP during the assessment.

21CP never responded to Ms. Doe's subpoena, prompting her to file a motion to compel compliance on April 18, 2024. Neither 21CP nor the City responded to Ms. Doe's motion to compel. Instead, a month later, the City moved for a protective order. The motion asserted that some of the subpoenaed documents may contain privileged information. Accordingly, the motion requested the court to allow the City to review the documents for attorney-client privilege and work product protection before 21CP produced the documents to Ms. Doe. Ms. Doe opposed the protective order. She argued that the City's motion was untimely, that it already waived privilege over the subpoenaed documents, and that it failed to show good cause.

As relevant here, in August 2024, Ms. Doe also filed a separate motion to compel the City's response to her requests for admission, interrogatories, and production of certain documents. The City argued that Ms. Doe's motion to compel should be denied because the requests weren't relevant to any of the theories Ms. Doe could present at trial and that the City properly asserted objections to other portions of her request.

On March 28, 2025, Magistrate Judge Scott Frankel issued a ruling that addressed the three pending motions (Ms. Doe's motion to compel the subpoena, the City's motion for a protective order, and Ms. Doe's motion to compel discovery). In his ruling, Judge Frankel granted Ms. Doe's motion to compel production of subpoenaed documents, granted the City's request for a protective order, and denied Ms. Doe's August 2024 motion to compel. The ruling also authorized the City to file a motion for reimbursement of attorney fees under Rule 37(a)(5)(B).

Earlier this year, Ms. Doe simultaneously filed her Rule 72 objections and moved for reconsideration. Both filings challenged portions of the March 28, 2025 ruling that (1) granted the City's motion for a protective order, (2) denied Ms. Doe's August 2024 motion to compel, and (3) authorized the City to file a motion for attorney fees. The parties briefed Ms. Doe's objections and motion for reconsideration concurrently. By design, the motion to reconsider was taken under advisement by the magistrate judge, while this presider held the Rule 72 objection to see how much of it would remain necessary for ruling after the reconsideration motion.

On October 15, 2025, Judge Frankel granted and denied in part Ms. Doe's motion for reconsideration. Specifically, the magistrate judge granted her motion to reconsider his previous denial of Ms. Doe's August 2024 motion to compel discovery from the City but denied reconsidering his decision to grant the City's protective order for the subpoena. Judge Frankel also denied Ms. Doe's challenge related to attorney's fees as moot.

This background sets the stage for the objections pending before the court now. Since Ms. Doe's filing, two of three objections have been mooted by later developments. Specifically, her objection to the denial of her August 2024 motion to compel became moot after Judge Frankel granted her motion to reconsider the same ruling. Additionally, in her reply, Ms. Doe acknowledged her objection involving the attorney fees was no longer ripe.

## STANDARD

A magistrate judge's order is reviewed under Federal Rule of Civil Procedure 72(a), which grants magistrate judges great latitude in resolving non-dispositive matters. Rule 72(a) provides that the "district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ.

3

P. 72(a); *see also* 28 U.S.C. § 636(b)(1). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.,* 126 F.3d 926, 943 (7th Cir. 1997); *Hassebrock v. Bernhoft*, 815 F.3d 334, 340 (7th Cir. 2016).

## DISCUSSION

Ms. Doe's lingering objection asserts that it was clear error for the magistrate judge to grant a protective order for the City because its motion was untimely and because the City waived privilege over the documents. In the first instance, she argues that Rule 45(d)(3) requires motions to quash subpoenas to be "timely" filed—and if they aren't, the court lacks discretion to grant it. There are limitations to a court's discretion in the law, and at times in the federal rules, but in the rules these tend to be rarer. The rules in this scenario are not as rigid as she sees them.

The City filed its motion under both Rule 26(c) (concerning protective orders) and under Rule 45(d)(3) (concerning motions to quash). The court addresses these rules in reverse order. Rule 45 states that a motion to quash a subpoena must be "timely," though without establishing an explicit deadline. Fed. R. Civ. P. 45(d)(3)(A). Courts have developed two different standards to assess timeliness. One standard imports the 14 days for objections from Rule 45(d)(2)(B) and applies that deadline after a subpoena is served to file a motion to quash. *See Edlin v. Garner Family Enters., Inc.*, 2012 U.S. Dist. LEXIS 12564, 2-3 (S.D. Ind. Feb. 1, 2012); *see also Richardson v. Comm'r, Ind. Dep't of Corr.*, 2025 U.S. Dist. LEXIS 86081, 6 (N.D. Ill. May 6, 2025); *Walton v. First Merchs. Bank*, 2022 U.S. Dist. LEXIS 222999, 20 (S.D. Ind. Sept. 26, 2022). The other standard considers a motion to quash timely if it is filed before the compliance date specified in the subpoena. *See Valentine v. Hamptons*, 2025 U.S. Dist. LEXIS 115745, 4 (E.D.N.Y. June 17, 2025); *Richardson*,

4

2025 U.S. Dist. LEXIS 86081 at 6. By both standards, the City's motion to quash would be late. Ms. Doe's subpoena was delivered to 21CP on February 26, 2024 (and beforehand on the City). The deadline to comply with the subpoena was March 25, 2024. At the very latest, the City had until March 25, 2024 to file a motion to quash. It filed its motion on May 23, 2024.

Although the City's motion wasn't considered timely under Rule 45(d)(3), Ms. Doe is incorrect that the magistrate judge lacked the discretion to grant the City's motion for a protective order for good cause. *See* 9 *Moore's Federal Practice - Civil* § 45.50[1] (2025) ("Courts have discretion to consider motions to quash that were not timely filed on a finding of good cause."); *see, e.g.*, *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp.3d 509, 516 (S.D.N.Y. 2022); *see also Michalski v. Little*, 2025 U.S. Dist. LEXIS 144049, 3 (W.D. Pa. July 28, 2025); *Conrey v. IBM Corp. (In re Subpoena to Keebaugh)*, 2019 U.S. Dist. LEXIS 193395, 5 (E.D. Pa. Nov. 5, 2019); *Ward v. Liberty Ins. Corp.*, 2018 U.S. Dist. LEXIS 26710, 6-7 (W.D. Okla. Feb. 20, 2018). Judge Frankel considered the untimeliness of the City's motion but ultimately found good cause to grant the protective order nonetheless. This wasn't clear error.

The court separately had authority to grant the City a protective order under Rule 26(c). *See Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 559 (7th Cir. 1984). Unlike Rule 45(d)(3), Rule 26(c) doesn't impose a timeliness requirement and instead only requires good cause. Though the magistrate judge's order may not have used the phrase "good cause" overtly, his ruling clearly analyzed the issues and provided justifications for granting a protective order in such a way to appreciate that that good cause existed. First, the ruling credited the City's proffer that the subpoenaed documents "may contain privileged communications and work product because they stem from an assessment 21CP undertook of the South Bend Police Department at the direction

5

of South Bend Corporation Counsel." Next, it found that failure to allow the City to review the documents for privilege before they were produced to Ms. Doe would result in unintentional waiver of attorney-client and work product protections. Finally, it found no evidence that the City acted in bad faith to warrant a finding that it waived privilege, at least to that point. There was nothing wrong with the magistrate judge alternatively proceeding under Rule 26(c).

Ms. Doe mistakenly argues that the magistrate judge's consideration of whether there was evidence of bad faith was error because it inadvertently shifted the burden to her to make that showing. A consideration of bad faith is not error. Concepts of bad faith, inexcusable conduct, and unjustified delay often factor into whether a party has waived privilege. *See, e.g., EEOC v. BDO, USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017); *Close Armstrong LLC v. Trunkline Gas Co., LLC*, 2021 U.S. Dist. LEXIS 62569, 25 (N.D. Ind. Mar. 31, 2021); *see generally Am. Nat'l Bank & Tr. Co. v. Equitable Life Assurance Soc'y of the United States*, 406 F.3d 867, 877-78 (7th Cir. 2005); 6 *Moore's Federal Practice - Civil* § 26.47[5] (2025) ("because waiver is considered a serious sanction, it is generally found only in cases of unjustified delay, inexcusable conduct, and bad faith").

Ms. Doe disagrees that the City met the good cause standard to grant a protective order. She says the City failed to offer any evidence to support this, only what she calls speculation that the subpoena would produce privilege documents. The City had a reasonable belief, as did the magistrate judge, that the scope of disclosure could produce privileged material. And to the extent Ms. Doe challenges how the magistrate judge weighed the record or this likelihood, this argument falls short of demonstrating clear error. *Weeks*, 126 F.3d at 943. The magistrate judge's ruling credited the City's statements that the subpoenaed documents might contain attorney-client privileged and work product protected information, and the court is left with no firm conviction

6

that this was mistaken. Nor was the City required, at this stage, to show that a privilege applied to each and every document when the protective order merely sought the ability to review the documents for privilege. Argument otherwise conflates the opportunity to review documents for privilege with the assertion of privilege over the documents.

Ms. Doe also contends it was clear error to grant the City's motion for a protective order because the City waived privilege over the subpoenaed documents. Ms. Doe presents multiple theories for waiver, but each one fails. First, she argues that the City waived privilege by not seeking a protective order sooner. For one, this argument crumbles once good cause timely exists for a protective order to be issued. For another, such a waiver is not absolute even with arguable untimeliness. *See Yousuf v. Samantar*, 451 F.3d 248, 252 (D.C. Cir. 2006) (citation and quotations omitted) ("the district court may, in unusual circumstances and for good cause, consider an untimely objection to a subpoena"); *United States v. Allen*, 2022 U.S. Dist. LEXIS 248410, 4 (E.D. Mich. Mar. 18, 2022) (citation and quotations omitted) ("courts can consider untimely objections in unusual circumstances and when good cause exists"); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); *R.B. v. Hollibaugh*, 2017 U.S. Dist. LEXIS 49072 at 5 (M.D. Pa. Mar. 31, 2017). One factor courts consider when deciding whether to excuse untimely objections is whether there is evidence that the parties previously discussed compliance with the subpoena. *Yousuf*, 451 F.3d at 252. Here, the magistrate judge's ruling considered it relevant that the parties previously discussed that a privilege review of 21CP's documents may be necessary. It could hardly be seen as clear error to hold parties to their expectation.

Ms. Doe's overextends *Ott v. Milwaukee*, 682 F.3d 552 (7th Cir. 2012). There the court of appeals held that the district court didn't abuse its discretion in finding that two nonparty agencies

waived any potential objections to subpoenas. *Id.* at 558. This case is quite different. First, in *Ott*, the nonparties attempting to quash the subpoena were unable to state what their "substantiative objections" to the subpoena were, though they were the recipients of the subpoena and after they were given multiple opportunities to do so. *Id.* ("Critically, the state agencies even now have not revealed what specific 'substantive objections' they are talking about."). Moreover, they were in position to raise all objections to the subpoena at once but failed to do so. *Id.* Here, the City wasn't the party compelled by the subpoena to produce records, and the City asserted in its first instance its concern about privilege. Of course, verifying that privilege would require review, but there was nothing wrong with ensuring this opportunity to review.

Ms. Doe argues that, though the City doesn't possess the subpoenaed documents today, at some point it did. Because of this, she says it was clear error for the magistrate judge's ruling to hold that the City has not had the opportunity to review any documents 21CP produced in response to the subpoena. But Judge Frankel's finding is legally and factually correct. Ms. Doe's suggestion that the City should be forced to assert privilege before 21CP produces documents assumes that the City kept track of all documents and statements it exchanged with 21CP five years ago and retains insider knowledge of how many of these documents and statements 21CP can produce today. It also ignores the need for privilege to be asserted *vis-à-vis* specific documents.

Ms. Doe next argues that the City waived privilege because it previously released the 67-page report to the public. Ms. Doe calls the City's invocation of potential privilege over documents underlying the report selective disclosure. Selective disclosure occurs when a party voluntarily discloses privileged information to one person but asserts the privilege against another person requesting the information. *Dellwood Farms v. Cargill, Inc.*, 128 F.3d 1122, 1126 (7th Cir.

1997). Here, the City clarified that it was not asserting privilege over the 67-page report, so the issue of selective disclosure wasn't relevant to the court's analysis. Ms. Doe's attempt to frame disclosure of the final report as disclosure of a significant part of privileged material is unpersuasive on this early record—at least before the court can consider the rationale for asserting privilege for these other documents. The analysis of a waiver of privilege is often more nuanced than that. Finding otherwise would, in a one-size-fits-all, blur the potential difference between a non-privileged final report and any underlying privileged materials. That issue strikes the court as premature today rather than indicative of clear error in the magistrate judge's ruling.

Ms. Doe also nitpicks the ruling. For example, she says the magistrate judge's ruling clearly erred by misciting precedent and equating the standard for discovery sanctions with the standard for waiving privilege, citing *Am. Nat'l Bank & Tr. Co.*, 406 F.3d at 877-78. This was not error because a court deciding that a party waived privilege for failing to object is a form of a discovery sanction, indeed at times one of the more serious, whether that occurs under Rule 26, Rule 37, or otherwise. *See supra* at 6; *see also United States v. Philip Morris, Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003) (citations and quotations omitted) ("As the federal rules, case law and commentators suggest, waiver of a privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith.").

Last, Ms. Doe takes issue with the magistrate judge's ruling, which on one hand could not "determine whether [the City] waived any privilege claims if no documents have been produced" while also concluding that the City "has not waived any potential privilege objections to the forthcoming 21CP production." The court appreciates that this may not have been worded as clearly as she might like or as clearly as it could have been, but its import remains spot on. The

9

court takes the magistrate judge's ruling to mean that the City has the opportunity to review the documents and assert privilege objections, not that the City has an immunized blank check to assert privilege document-by-document without challenge.

## CONCLUSION

The magistrate judge's ruling was overall well-reasoned. Because Ms. Doe has failed to show that the magistrate judge clearly erred when granting the City's motion for a protective order, the court OVERRULES her remaining live objections [54], with the others deemed moot.

SO ORDERED.

December 22, 2025                             *s/ Damon R. Leichty*
                                              Judge, United States District Court